UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JAMIE MARTIN and DANEISHA SINGLETON
on behalf of themselves and all others similarly situated,
and the Proposed New York Rule 23 Class,

Docket No.: 15-cv-05237
(PAE) (HBP)

Plaintiffs,

vs.

SPRINT/UNITED MANAGEMENT COMPANY and
WALLACE MORGAN, INC.,

Defendants.

------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 USC § 216(B)

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
150 East 42nd Street
New York, NY 10017-5639
(212) 490 - 3000
File No. 17208.00001

COUNSELS:     WILLIAM CUSACK
              VALERIE HOOKER

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

STANDARD OF REVIEW ......................................................................................................... 2

ARGUMENT

POINT I

PLAINTIFFS' FAILED TO MEET THEIR CONDITIONAL CERTIFICATION BURDEN...... 3

A.    Plaintiffs Failed To Show A Violative Nationwide Wallace Morgan Policy ................... 3

B.    Plaintiffs Are Not Similarly Situated To the Proposed Collective ................................. 5

C.    Plaintiffs Have Not Demonstrated That Putative Collective Action Members Have
      Sufficient Interest in This Action..................................................................................... 7

POINT II

PLAINTIFFS' MOTION SHOULD BE DENIED AS PREMATURE ....................................... 8

POINT III

PLAINTIFFS' PROPOSED NOTICE IS DEFECTIVE AS A MATTER OF LAW .................. 10

A.    The Proposed Notice Fails To Properly State Defendants' Position and Defenses ....... 11

B.    The Proposed Notice Improperly Expands the FLSA Statute of Limitations Period ...... 12

C.    The Proposed Notice Improperly Allows a 60-Day Opt-In Period ................................. 13

D.    The Proposed Notice Fails to Alert Potential Opt-In Plaintiffs of Their Right to Separate
      Counsel and Fails to Include Contact Information for Defendants' Attorneys ................ 14

E.    The Proposed Notice Fails To Inform Potential Opt-In Plaintiffs of Their Litigation
      Obligations ....................................................................................................................... 15

F.    The Proposed Notice Fails to Limit the Distribution of the Notice to Regular Mail........ 16

G.    The Proposed Notice Fails to Make the Opt-in Notices Returnable to the Court............ 17

CONCLUSION............................................................................................................................ 18

# TABLE OF AUTHORITIES

## CASES

*Ack v. Manhattan Beer Distributors, Inc.*,
  2012 WL 1710985 (S.D.N.Y. May 15, 2012) ................................................. 6

*Ahle v. Veracity Research Co.*,
  2009 U.S. Dist. LEXIS 86590 (D.Minn. Sept. 23, 2009) ................................. 16

*Ali v. N.Y. City Health & Hosp. Corp.*,
  2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ................................................. 2

*Anjum v. J.C. Penney Co.*,
  2015 U.S. Dist. LEXIS 73820 (E.D.N.Y. June 5, 2015) ................................. 12

*Armstrong v. Weichert Realtors*,
  2006 U.S. Dist. LEXIS 31351 (D.N.J. May 19, 2006) ..................................... 8

*Bah v. Shoe Mania, Inc.*,
  2009 WL 1357223 (S.D.N.Y. May 13, 2009) ................................................. 15

*Bassett v. Tenn. Valley Auth.*,
  2010 WL 3092251 (W.D. Ky. Aug. 5, 2010) ................................................. 15

*Belcher v. Shoeney's, Inc.*
  927 F.Supp. 249 (M.D. Tenn. 1996) ............................................................. 12

*Belt v. EmCare, Inc.*
  299 F. Supp. 2d 664 (E.D. Tenn. 2003) ....................................................... 12

*Bogosian v. All Am. Concessions*,
  2008 WL 4534036 (E.D.N.Y. Sept. 29, 2008) ............................................... 6

*Boice v. M+W U.S., Inc.*,
  2015 U.S. Dist. LEXIS 122726 (N.D.N.Y May 14, 2015) ............................... 9

*Boice v. M+W U.S., Inc.*,
  2015 U.S. Dist. LEXIS 121532 (N.D.N.Y Sept. 11, 2015) .............................. 9

*Boekemeier v. Fourth Universalist Soc'y in the City of N.Y.*,
  86 F. Supp.2d 280 (S.D.N.Y. 2008) ............................................................. 12

*Bowrin v. Catholic Guardian Soc.*,
  417 F. Supp.2d 449 (S.D.N.Y. 2006) ........................................................... 12

*Bramble v. Wal-Mart Stores, Inc.*,
  2011 U.S. Dist. LEXIS 39457 (E.D. Pa. 2011) .............................................. 6

*Brickey v. Dolgencorp., Inc.*,
  272 F.R.D. 344 (W.D.N.Y.2011) .................................................................. 9

*Burke v. Alta Colls., Inc.*,
  2015 U.S. Dist. LEXIS 35789 (D. Colo. Mar. 23, 2015) ................................. 9

ii

*Chime v. Peak Sec. Plus, Inc.*,
　2015 U.S. Dist. LEXIS 131727 (E.D.N.Y. Sept. 9, 2015)................................. 13

*Christopher v. SmithKline Beecham Corp.*,
　132 S.Ct. 2156 (2012)................................................................................. 10

*Clausman v. Nortel Networks, Inc.*,
　2003 U.S. Dist. LEXIS 11501 (S.D. Ind. May 1, 2003) .................................. 7

*Costello v. Kohl's Ill., Inc.*,
　2014 WL 4377931 (S.D.N.Y. Sept. 4, 2014) ................................................. 2

*Debejian v. Atl. Testing Labs., Ltd.*,
　64 F. Supp. 2d 85 (N.D.N.Y. 1999) ............................................................. 12

*Diaz v. Elec. Boutique of Am., Inc.*,
　2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 17, 2005)................................. 4

*Diaz v. S&H Bondi's Dept. Store, Inc.*,
　2012 WL 137460 (S.D.N.Y. Jan. 17, 2012) ................................................. 17

*Dooley v. CPR Restoration & Cleaning Servs., LLC*,
　2013 U.S. Dist. LEXIS 189041 (E.D. Pa. Dec. 18, 2013) ............................... 9

*Edwards v. Multiband Corp.*,
　2011 WL 117232 (D. Minn. Jan. 13, 2011) ................................................. 5

*Eng–Hatcher v. Sprint Nextel Corp.*,
　2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) ................................................ 4

*Enriquez v. Cherry Hill Market Corp.*,
　2012 WL 440691 (E.D.N.Y. Feb. 10, 2012)................................................. 12

*Flores v. Lifeway Foods, Inc.*,
　289 F. Supp. 2d 1042 (N.D. Ill. 2003) .......................................................... 7

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
　678 F. Supp. 2d 89 (E.D.N.Y. 2010) ............................................................ 9

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
　282 F. Supp. 2d 101 (S.D.N.Y. 2003) .................................................... 14,15

*Gordon v. Kaleida Health*,
　2009 U.S. Dist. LEXIS 95729 (W.D.N.Y. Oct. 14, 2009)............................... 16

*Gregory v. First Title of Am., Inc.*,
　2008 U.S. Dist. LEXIS 2613 (M.D. Fla. Jan. 14, 2008)................................... 9

*Guan Ming Lin v. Benihana Nat'L Corp.*,
　755 F. Supp. 2d 504 (S.D.N.Y. 2010)........................................................... 7

*Guillen v. Marshalls of MA, Inc.*,
　841 F. Supp. 2d 797 (S.D.N.Y. 2012) *adopted* 2012 WL 2588771 (S.D.N.Y. July 2,
　2012) ...................................................................................................... 2,3

*Guzman v. VLM, Inc.*,
   2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. Oct. 11, 2007)................................... 15

*Hallissey v. Am. Online, Inc.*,
   2008 WL 465112 (S.D.N.Y. Feb. 19, 2008)............................................... 15,17

*Hernandez v. Immortal Rise, Inc.*,
   2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012) *reconsideration denied* 2013 WL 1968493
   (E.D.N.Y. May 13, 2013) ..................................................................... 13

*Hinterberger v. Catholic Health Sys.*,
   2009 U.S. Dist. LEXIS 97944 (W.D.N.Y. Oct. 21, 2009)................................ 16

*Hoffmann-LaRoche, Inc. v. Sperling*,
   493 U.S. 165 (1989)...................................................................... 11,17

*Hoffman v. Sbarro,* 982 F.Supp.
   249 (S.D.N.Y. 1997) ........................................................................ 2,4

*Home v. United Servs. Auto. Ass'n*,
   279 F. Supp. 2d 1231 (M.D. Ala. 2003) ...................................................... 11

*Jenkins v. TJX Companies Inc.*,
   853 F. Supp. 2d 317 (E.D.N.Y. 2012) ..................................................... 2,4,9

*Karvaly v. eBay, Inc.*,
   245 F.R.D. 71 (E.D.N.Y. 2007)............................................................ 16,17

*Lee v. ABC Carpet & Home*,
   236 F.R.D. 193 (S.D.N.Y. 2006) ............................................................... 4

*Li v. Ichiro Rest., Inc.*,
   2015 U.S. Dist. LEXIS 151060 (S.D.N.Y. Nov. 5, 2015) ................................. 13

*Lujan v. Cabana Mgmt.*,
   2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011)................................... 14,15

*Mata v. Foodbridge LLC*,
   2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015)....................................... 4

*McLaughlin v. Richland Shoe Co*.,
   486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)..................................... 12

*Mendoza v. Ashiya Sushi 5, Inc.*,
   2013 WL 5211839 (S.D.N.Y. Sept. 16, 2013)............................................... 15

*Mike v. Safeco Ins. Co. of America*,
   274 F. Supp. 2d 216 (D. Conn. 2003)......................................................... 6

*Monger v. Cactus & Spa's LLC*,
   2009 WL 1916386 (E.D.N.Y. July 6, 2009) ................................................... 6

*Morales v. Plantworks, Inc.*,
   2006 WL 278154 (S.D.N.Y. Feb. 2, 2006)..................................................... 4

iv

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010)......................................................................... 2,11

*Nabi v. Hudson Grp. (HG) Retail, LLC*,
    2015 U.S. Dist. LEXIS 138700 (S.D.N.Y. Sept. 28, 2015)........................... 5,7

*Nielsen v. Devry Inc.*,
    302 F. Supp. 2d 747 (W.D. Mich. 2003) ....................................................... 10

*Olivo v. GMAC Mortg. Corp.*,
    374 F. Supp. 2d 545 (E.D. Mich. 2004)........................................................... 7

*Palmieri v. Nynex Long Distance Co.*,
    2005 U.S. Dist. LEXIS 6057 (D. Me. Mar. 28, 2005).................................... 10

*Pfaahler v. Consultants for Architects, Inc.*,
    2000 U.S. Dist. LEXIS 1772, 2000 WL 198888  (N.D. Ill. Feb. 8, 2000) ........ 7

*Vasquez v. Vitamin Shoppe Industries., Inc.*,
    2011 WL 2693712 (S.D.N.Y. July 11, 2011) ................................................ 2,9

*Realite v. Ark Rest. Corp.*,
    7 F. Supp. 2d 303 (S.D.N.Y. 1998) .................................................................. 4

*Ritz v. Mike Rory Corp.*,
    2013 U.S. Dist. LEXIS 61634 (E.D.N.Y. Apr. 30, 2013) .............................. 13

*Robinson v. Dolgencorp, Inc.*,
    2006 U.S. Dist. LEXIS 85471 (M.D. Fla. Nov. 13, 2006) ............................... 8

*Rubery v. Buth-Na-Bodhaige, Inc.*,
    569 F.Supp.2d 334 (W.D.N.Y. 2008) ............................................................. 16

*Ruggles v. WellPoint, Inc.*,
    591 F. Supp. 2d 150 (N.D.N.Y. 2008) ........................................................... 17

*Schwed v. Gen. Elec. Co.*,
    159 F.R.D. 373 (N.D.N.Y.1995) ...................................................................... 2

*Seever v. Carrols Corp.*,
    528 F. Supp. 2d 159 (W.D.N.Y. 2007) ............................................................. 8

*Shajan v. Barolo, Ltd.*,
    2010 WL 2218095 (S.D.N.Y. June 2, 2010) .................................................. 15

*Sharma v. Burberry Ltd.*,
    52 F. Supp. 3d 443 (E.D.N.Y. 2014) .............................................................. 16

*Sherrill v. Sutherland Global Servs. Inc.*,
    487 F.Supp.2d 344 (W.D.N.Y.2007)............................................................... 16

*Smith v. Sovereign Bancorp, Inc.*,
    2003 U.S. Dist. LEXIS 21010 (E.D. Pa. Nov. 13, 2003)................................. 8

*Tumminello v. U.S.*,
    14 Cl. Ct. 693 (1988) ....................................................................................... 7

v

*Xavier v. Belfor USA Grp., Inc.*,
   585 F. Supp. 2d 873 (E.D. La. 2008) .................................................................. 5

*Virgen v. Conrad Indus., Inc.*,
   2015 WL 6692120 (W.D. La. Nov. 3, 2015) ....................................................... 5

*Williams v. Accredited Home Lenders, Inc.*,
   2006 WL 2085312 (N.D. Ga. July 25, 2006) .................................................. 4,6

*Wombles v. Title Max of Ala., Inc.*,
   2005 U.S. Dist. LEXIS 34733 (M.D. Ala. Dec. 7, 2005) .................................. 8

*Zavala v. Wal Mart Stores Inc.*,
   691 F.3d 527 (3d Cir. 2012) .............................................................................. 6

## STATUTES AND RULES

29 U.S.C. § 213 ......................................................................................................... 9

29 C.F.R. 541.500 ..................................................................................................... 9

## PRELIMINARY STATEMENT

Defendant WALLACE MORGAN, INC., through its undersigned attorneys, respectfully submits this memorandum of law in opposition to Plaintiffs' Motion for Conditional Collective Certification and Court-Authorized Notice Pursuant to 29 U.S.C. §216(b).

Plaintiffs' conditional certification motion under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") is deficient and should be denied. Plaintiffs seek conditional approval of a proposed nationwide collective based on formulaic recitations and unsupported allegations that the proposed collective was subjected to a nationwide Wallace Morgan policy that violated FLSA regulations and that the proposed nationwide collective were similarly situated in all material respects. Plaintiffs fail to meet their burden at this preliminary stage.

Plaintiffs' motion for conditional certification and the proposed collective notice should be denied because:

 (1) plaintiffs failed to meet their burden to show that they and the proposed collective: (a) were subject to a common nationwide policy that violated the law; and, (b) are similarly situated in all material respects;

 (2) additional discovery is necessary to determine whether: (a) plaintiffs were independent contractors exempt from the FLSA; (b) plaintiffs were outside salespersons exempt from FLSA overtime and minimum wage requirements; (c) there is a showing of interest by the proposed collective; and, (d) the present collective plaintiffs have sufficient interest in the present action; and,

 (3) The proposed collective notice should be denied because it: (a) fails to properly state the defendants' position; (b) improperly calls for a three-year statute of limitations; (c) improperly requests a 60-day opt-in period; (d) fails to inform opt-in plaintiffs of their right to separate counsel; (e) improperly identifies plaintiffs' counsel as the sole and primary contact; (f) fails to inform the opt-in plaintiffs of their litigation obligations; (g) fails to limit distribution of the collective notice by regular mail; and, (g) fails to make the executed notices returnable to the Court.

**STANDARD OF REVIEW**

In order to obtain conditional certification, plaintiffs must establish that they and the putative collective action members are "similarly situated" with respect to an alleged violation of the FLSA.  While plaintiffs' burden at this preliminary stage is lenient, it is not automatic. To obtain conditional certification, plaintiffs must provide more than unsupported formulaic recitations, they must sufficiently show that plaintiffs and the proposed collective class were subjected to a common policy or plan that violated the law and were similarly situated in all material respects. Courts have not hesitated to deny conditional class certification when plaintiffs have failed to meet their lenient yet requisite burden.  *See Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012) ("[c]ertification at the conditional stage is not automatic… even at this preliminary stage, the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice.") (internal quotations omitted) (citing *Vasquez v. Vitamin Shoppe Industries., Inc.*, 2011 WL 2693712, at *3 (S.D.N.Y. July 11, 2011); *Hoffman v. Sbarro*, 982 F.Supp. 249, 261 (S.D.N.Y. 1997); *Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 375–76 (N.D.N.Y.1995)); *Costello v. Kohl's Ill., Inc.*, 2014 WL 4377931, at *3 (S.D.N.Y. Sept. 4, 2014) (finding plaintiffs must make "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law") (*citing Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) (internal quotations omitted); *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 800 (S.D.N.Y. 2012) *adopted* 2012 WL 2588771 (S.D.N.Y. July 2, 2012) ("threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are similarly situated") (citation and internal quotations omitted); *Ali v. N.Y. City Health & Hosp. Corp.*, 2013 WL 1245543, at *2 (S.D.N.Y.

2

Mar. 27, 2013) ("factual showing [of similarly situated requirement], even if modest, must still be based on some substance.") (citations omitted).

## ARGUMENT

## POINT I

## PLAINTIFFS' FAILED TO MEET THEIR
## CONDITIONAL CERTIFICATION BURDEN

Plaintiffs failed to meet their modest burden to show that the named plaintiffs and potential nationwide opt-in collective were subjected to a common Wallace Morgan nationwide policy that violated the law and were similarly situated in all material respects, and their motion for conditional class certification should be denied on this basis.  As a matter of law, plaintiffs were required, failed to, and indeed cannot show that Wallace Morgan had a nationwide policy that violated the FLSA. Additionally, plaintiffs have the burden to show that the proposed collective class were similarly situated in all material respects, i.e., they had similar titles, work locations, supervisors, and work policies; plaintiffs' failure to meet their burden requires denial of their motion.

### A.     Plaintiffs Failed To Show A Violative Nationwide Wallace Morgan Policy

Plaintiffs have not and cannot show that Wallace Morgan had a nationwide policy that violated the FLSA, requiring denial of their conditional certification motion.  As a matter of law, plaintiffs bear the burden of showing a nationwide policy or plan pursuant to which Wallace Morgan violated FLSA regulations.  Nowhere do plaintiffs allege that Wallace Morgan had a nationwide policy that affected the potential opt-in plaintiffs, a fatal omission to plaintiffs' motion.  *Guillen*, 841 F.Supp.2d at 797 (denying conditional certification because there was insufficient evidence of nationwide policy requiring exempt employees to perform non-exempt

3

tasks); *Jenkins*, 853 F.Supp.2d at 317 (denying conditional certification because there was insufficient factual showing of nationwide policy relevant to allegations); *Diaz v. Elec. Boutique of Am., Inc.*, 2005 U.S. Dist. LEXIS 30382, at *10 (W.D.N.Y. Oct. 17, 2005) ("To meet [the similarly situated] burden, plaintiffs must 'make a modest factual showing sufficient to demonstrate that that they and potential plaintiffs together were victims of a common policy or plan that violated the law'") (*quoting Hoffman*, 982 F. Supp. at 249); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) (same); *Realite v. Ark Rest. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) (same); *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) (denying collective action certification because plaintiffs' evidence contained "no allegation of a common policy or plan to deny plaintiffs overtime"); *Eng–Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (denying certification where plaintiff had nothing to support her allegations of existence of illegal *de facto* policy other than her own deposition testimony); *Mata v. Foodbridge LLC*, 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015) (denying conditional certification where plaintiff's affidavit "include[d] no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions").

Courts have not hesitated to deny conditional certification where no nationwide violative policy has been shown because doing so would subject employers to expensive and mind-boggling discovery.  It is without good faith dispute that nationwide certification will dramatically increase the scope and costs of litigation for Wallace Morgan, a company that operates within New York City and for which no showing of a nationwide violative policy has been made.  In the interest of litigant and judicial economy, the proposed conditional collective should be denied on this basis.  *Williams v. Accredited Home Lenders, Inc.*, 2006 WL 2085312,

at *5 (N.D. Ga. July 25, 2006) (denying motion for conditional certification of a collective action where employer would be subject to "mind-boggling" discovery); *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 878 (E.D. La. 2008) (denying conditional certification where "employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendant's expense") (citation omitted).

Plaintiffs' reliance on *Edwards v. Multiband Corp.*, 2011 WL 117232 (D. Minn. Jan. 13, 2011) is misplaced.  In *Edwards*, only the nationwide employer was named in the lawsuit and the subcontracting companies were spared the expense of unnecessary nationwide litigation. Likewise, Wallace Morgan, a company operating within the confines of New York City, should be spared from defending against <u>nationwide</u> litigation.  *Virgen v. Conrad Indus., Inc.*, 2015 WL 6692120, at *9 (W.D. La. Nov. 3, 2015) (denying conditional certification where defendant had separate agreements with each individual staffing company and each individual staffing company maintained its own payroll records); *Xavier*, 585 F. Supp. 2d at 880 (denying conditional certification against defendant who subcontracted with companies nationwide, finding the "similarity ends" at employees being denied overtime); *Nabi v. Hudson Grp. (HG) Retail, LLC*, 2015 U.S. Dist. LEXIS 138700, *14-15 (S.D.N.Y. Sept. 28, 2015) (denying conditional certification of nationwide class where plaintiffs failed to show they were similarly situated to co-workers with different supervisors who worked for different businesses).

**B.      Plaintiffs Are Not Similarly Situated To The Proposed Collective**

Plaintiffs failed to show that they and the proposed collective are similarly situated, a necessary requirement for a collective action. Courts in this Circuit look to several factors to determine whether members of a putative collective are similarly situated including, *inter alia*, whether the plaintiffs had similar: (1) titles; (2) work locations; (3) work policies; (4)

5

supervisors; and, (5) available defenses.  Plaintiffs have failed to make this showing.  Indeed, plaintiffs generally worked for different companies, had different supervisors, were subject to different work policies, and had different titles.  Plaintiffs do not and cannot allege that Wallace Morgan had or has any control over the putative nationwide collective members who did not work for Wallace Morgan and plaintiffs' failure to show a centralized staffing policy precludes them from meeting their burden.  Moreover, because there has been no determination as to whether the putative class was exempt from the FLSA as outside salespersons, plaintiffs should be precluded at this preliminary stage from showing that they and the putative class are similarly situated. *Ack v. Manhattan Beer Distributors, Inc.*, 2012 WL 1710985, at *2 (S.D.N.Y. May 15, 2012) (listing factors); *Bogosian v. All Am. Concessions*, 2008 WL 4534036 (E.D.N.Y. Sept. 29, 2008) (same); *see also Williams*, 2006 U.S. Dist. LEXIS 50653, at *13 (applying "similarity requirement" with "some rigor" in case involving "as many as 1,000 potential plaintiffs"); *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012) (denying conditional certification where putative class members had dissimilar working hours, locations, states, companies, and supervisors); *Monger v. Cactus & Spa's LLC*, 2009 WL 1916386, at *2 (E.D.N.Y. July 6, 2009) (denying conditional certification of the employer's 25 locations, on grounds that plaintiffs "provide no documentary evidence that policies are the same at different…locations"); *Bramble v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 39457, at *27-28 (E.D. Pa. 2011) (denying FLSA certification where, "[a]lthough plaintiffs and the putative opt-ins share the same job title and essentially the same job description, an analysis of plaintiffs' claim that [they] are misclassified as exempt would require an individualized inquiry as to whether the tasks in fact performed by each putative collective action member are or were similar to the tasks that plaintiffs claim they performed"); *Mike v. Safeco Ins. Co. of America*, 274 F. Supp. 2d 216 (D.

6

Conn. 2003) (denying plaintiff's motion for conditional certification because putative plaintiffs' claims would turn on application of exemption that would require fact-specific inquiry as to each plaintiffs' day-to-day work activities); *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545 (E.D. Mich. 2004) (*citing Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D.  Ill. 2003)) (denying conditional certification of FLSA collective action where outside sales exemption applied, leaving plaintiffs "unable to demonstrate that they, and the potential plaintiffs, were 'victims of a common policy or plan that violated the law,'" and unable "to demonstrate that they are 'similarly situated'…"); *Clausman v. Nortel Networks, Inc.*, 2003 U.S. Dist. LEXIS 11501, *9-10 (S.D. Ind. May 1, 2003) (finding certification of collective action inappropriate "where liability to each plaintiff will depend on whether that plaintiff was correctly classified as an 'outside salesman,' [and] the Court will be required to make a fact-intensive inquiry into each potential plaintiff's employment situation.") (*citing Pfaahler v. Consultants for Architects, Inc.,* 2000 U.S. Dist. LEXIS 1772, 2000 WL 198888, *2 (N.D. Ill. Feb. 8, 2000); *Tumminello v. U.S.*, 14 Cl. Ct. 693, 697 (1988) ("The determination of whether an exemption applies to a given individual, however, is a very fact-specific exercise."); *Guan Ming Lin v. Benihana Nat'L Corp.*, 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) (denying conditional certification due to lack of factual allegations showing other employees similarly situated) ; *Nabi*, 2015 U.S. Dist. LEXIS 138700 (motion for nationwide conditional certification denied where plaintiffs fail to demonstrate that the class they seek to certify is "similarly situated").

## C. <u>Plaintiffs Have Not Demonstrated That Putative Collective Members Have Sufficient Interest In This Action</u>

Plaintiffs have failed to show that they and the collective have sufficient interest in this action or are willing to meet their obligations as party plaintiffs.  Plaintiffs are required to submit more than a handful of boilerplate declarations to show collective interest; they must submit

individualized support showing that the plaintiffs have a personal interest in challenging a nationwide policy. Plaintiffs have failed to make this showing. Plaintiffs' formulaic declarations submitted on behalf of opt-in plaintiffs do not sufficiently show that the individual individuals actually have an interest in the action and their motion for conditional certification fails as a result. *Robinson v. Dolgencorp, Inc.*, 2006 U.S. Dist. LEXIS 85471, *15-16 (M.D. Fla. Nov. 13, 2006) (finding "consents to join" and/or affidavits from a limited number of employees other than the plaintiff are not sufficient); *Wombles v. Title Max of Ala., Inc.*, 2005 U.S. Dist. LEXIS 34733, *8-9 (M.D. Ala. Dec. 7, 2005); *Armstrong v. Weichert Realtors*, 2006 U.S. Dist. LEXIS 31351, *5 (D.N.J. May 19, 2006) (finding that conditional certification based on conclusory allegations in plaintiff's declaration can facilitate class action abuse); *Smith v. Sovereign Bancorp, Inc.*, 2003 U.S. Dist. LEXIS 21010, *8-9 (E.D. Pa. Nov. 13, 2003) (denying conditional certification and finding district courts must take basic steps to ensure opt-in notices are sent only to potential plaintiffs who have a personal interest in challenged policy as FLSA "opt-in requirement was intended to reduce 'excessive litigation spawned by plaintiffs lacking a personal interest in the outcome'"); *Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 173-74 (W.D.N.Y. 2007) (denying conditional certification for nationwide class where there was limited evidence in support of certification).

## POINT II

### PLAINTIFFS' MOTION SHOULD BE DENIED AS PREMATURE

Whether plaintiffs were outside salespeople exempt from overtime and minimum wage requirements precludes conditional certification. To support their motion for conditional certification, plaintiffs must sufficiently allege that Wallace Morgan violated the FLSA by failing to pay minimum wage and overtime. As a matter of law, employees who regularly work

8

outside of the employer's place of business and whose primary job duties are to collect orders for contracts are exempt from overtime and minimum wage requirements under the FLSA's outside salesperson exemption. Here, it is without dispute that plaintiffs regularly worked outside Wallace Morgan's place of business and collected orders for phone services. Courts have held that these factors meet the FLSA outside sales exemption and dispositive of plaintiffs' FLSA claims as a matter of law. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. 541.500; *Jenkins*, 853 F. Supp. 2d at 323 (citing *Vasquez,* 2011 WL 2693712, at *4) ("As numerous courts in this Circuit have held, 'the mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as "similarly situated" for §216(b) purposes'"); *Brickey v. Dolgencorp., Inc.,* 272 F.R.D. 344 (W.D.N.Y.2011) (denying certification where plaintiff alleged that a facially lawful policy in practice indirectly encouraged illegal minimization of overtime); *Boice v. M+W U.S., Inc.*, 2015 U.S. Dist. LEXIS 122726, *34 (N.D.N.Y May 14, 2015) (recommending denial, without prejudice, of plaintiff's motion for preliminary certification as an FLSA collective action, with leave to renew upon completion of additional limited discovery), *accepted and adopted in its entirety by Boice v. M+W U.S., Inc.*, 2015 U.S. Dist. LEXIS 121532 (N.D.N.Y Sept. 11, 2015)); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 91 (E.D.N.Y. 2010) (after filing motion for conditional certification and oral argument, "parties were afforded the right to conduct limited discovery - with respect to the issue of conditional certification - and to supplement their motion papers"); *Burke v. Alta Colls., Inc.*, 2015 U.S. Dist. LEXIS 35789 (D. Colo. Mar. 23, 2015); *Dooley v. CPR Restoration & Cleaning Servs., LLC*, 2013 U.S. Dist. LEXIS 189041, *21-22 (E.D. Pa. Dec. 18, 2013); *Gregory v. First Title of Am., Inc.*, 2008 U.S. Dist. LEXIS 2613 (M.D.

9

Fla. Jan. 14, 2008) (plaintiff, whose job was to refer customers to defendant insurance company and whose "compensation was tied to how many orders for service she obtained", "obtained orders" and was therefore covered by the outside sales exemption even though "Plaintiff could not sell title insurance herself because she was not licensed to do so").

Plaintiffs attempt to avoid the outside sales exception and salvage their FLSA claims by alleging that they did not have final authority to approve the orders for phone services is unavailing. It is well-established that salespersons who, *inter alia*, (1) are compensated via commission; (2) receive specialized sales training; (3) lack direct or constant supervision; (4) seek out new clients, and (5) obtain orders for service qualify for the outside sales exception regardless of whether they exercise final approval of service orders. *Nielsen v. Devry Inc.*, 302 F. Supp. 2d 747 (W.D. Mich. 2003) (distinguishing the 1998 and 199 U.S. Department of Labor Opinion Letter and holding that a by taking orders for service qualifies a worker for the outside salesperson exemption); *Christopher v. SmithKline Beecham Corp.*, 132 S.Ct. 2156, 2174 (2012)(treating an employee as non-exempt simply because he "takes an order from a retailer but then transfers the order to a jobber's employee to be filled" is a "formalistic approach [that] would be difficult to reconcile with the broad language of the regulations and the statutory definition of 'sale,' and it is in significant tension with the DOL's past practice"); *Palmieri v. Nynex Long Distance Co.*, 2005 U.S. Dist. LEXIS 6057 (D. Me. Mar. 28, 2005).

## POINT III

## PLAINTIFFS' PROPOSED NOTICE IS DEFECTIVE AS A MATTER OF LAW

Plaintiffs' proposed notice is defective in several respects and should be denied as written.  Plaintiffs' proposed notice is defective because it: (A) fails to properly state the defendants' position and defenses; (B) improperly calls for a three-year time statute of

limitations period; (C) improperly applies a 60-day opt-in period; (D) fails to provide the collective with notice of the right to separate counsel; (E) improperly makes plaintiffs' counsel the sole and primary point of contact; (F) fails to inform potential opt-in plaintiffs of their litigation obligations; (G) fails to limit distribution of the collective notice to regular mail; and, (H) fails to make executed opt-in notices returnable to the Court. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (district courts "have discretion, *in appropriate cases* ... to implement" the collective action mechanism under FLSA §216(b) "by facilitating notice to potential plaintiffs") (emphasis added); *Myers*, 624 F.3d at 555 (nothing in the FLSA requires court-authorized notice, although it "may be a useful 'case management' tool for district courts to employ in 'appropriate cases'") (*citing Hoffmann-LaRoche*, 493 U.S. at 169); *Home v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1233 (M.D. Ala. 2003) ("The power to authorize notice must, however, be exercised with discretion and only in appropriate cases").

A. <u>**The Proposed Notice Fails To Properly State Defendants' Position and Defenses**</u>

The proposed notice fails to properly articulate defendants' position and defenses and should be denied as written on this basis. Courts within the Second Circuit require that the notice contain a full and balanced disclosure of all parties' positions and defenses because the notice may be the first communication potential opt-in plaintiffs receive about the lawsuit. Plaintiffs' proposed inclusion of a brief statement that defendants deny Plaintiffs' claims is insufficient. The class members should be made aware of Wallace Morgan's position, i.e., that plaintiffs were paid correctly and that they were not entitled to overtime and minimum wage under any law. Wallace Morgan respectfully submits that the following language should be included:

> Wallace Morgan, Inc. denies Plaintiffs' claims that they failed to receive minimum wages and overtime as required by law. To the extent Plaintiffs and the putative collective action members were/are deemed "employees" under federal and/or state laws, Wallace Morgan avers that plaintiffs were outside sales persons

11

> exempt from federal and state minimum wage and overtime laws. Wallace Morgan, Inc. believes that all their employees have been paid appropriately and that Plaintiffs' suit is improper. Defendants plan on asking that the Court decertify the collective action as soon a possible, as they have the right to do. The Court has not made any determinations on the merits regarding any of Plaintiffs' claims. Receipt of this notice does not indicate an entitlement to recovery.

*Enriquez v. Cherry Hill Market Corp.*, 2012 WL 440691 at *4 (E.D.N.Y. Feb. 10, 2012) (ordering amended notice to properly reflect defendants' position); *Anjum v. J.C. Penney Co.*, 2015 U.S. Dist. LEXIS 73820, *40 (E.D.N.Y. June 5, 2015) (same); *Belcher v. Shoeney's, Inc.* 927 F.Supp. 249, 253 (M.D. Tenn. 1996) (authorizing notice that included statement of employer's affirmative defenses); *Belt v. EmCare, Inc.* 299 F. Supp. 2d 664, 671 (E.D. Tenn. 2003) (same).

## B.   <u>The Proposed Notice Improperly Expands the FLSA Statute of Limitations Period</u>

Plaintiffs improperly provide a three-year statute of limitations period for the proposed collective action and the notice should be denied as written on this basis. The FLSA statute of limitations is two years. Plaintiffs are entitled to expand the statute of limitations to three years only upon showing of a willful violation. <u>There has not been such a showing in this case</u> and plaintiffs should be precluded from improperly expanding the FLSA statute of limitations at this preliminary stage. *Bowrin v. Catholic Guardian Soc.*, 417 F. Supp.2d 449, 475 (S.D.N.Y. 2006) (*citing Boekemeier v. Fourth Universalist Soc'y in the City of N.Y.,* 86 F. Supp.2d 280, 288 (S.D.N.Y. 2008); *Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 92 (N.D.N.Y. 1999) (finding "plaintiff bears the burden of proving 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'") (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988)).

Plaintiffs improperly expand the temporal scope of the FLSA claims by potential opt-in plaintiffs to three years from the filing of the complaint and the notice should be denied as

12

written on this basis. As a matter of law, the statute of limitations for FLSA claims is not tolled with the filing of the complaint, but rather continues to run until the order granting conditional certification is entered or is equitably tolled. Any statute of limitations with respect to a conditional class must be measured from the date of the court's granting of the motion for conditional certification. *Chime v. Peak Sec. Plus, Inc.*, 2015 U.S. Dist. LEXIS 131727 (E.D.N.Y. Sept. 9, 2015); *Ritz v. Mike Rory Corp.*, 2013 U.S. Dist. LEXIS 61634 (E.D.N.Y. Apr. 30, 2013) ("[U]nder the FLSA, the notice period generally should be measured from the date of the court's order granting the motion for conditional certification, not from the date that the complaint was filed") (*citing Hernandez v. Immortal Rise, Inc.*, 2012 WL 4369746, at *6-7 (E.D.N.Y. Sept. 24, 2012)), *reconsideration denied* 2013 WL 1968493 (E.D.N.Y. May 13, 2013).

**C.**     **The Proposed Notice Improperly Allows A 60-Day Opt-In Period**

Plaintiffs' proposed notice improperly provides potential opt-in plaintiffs 60 days to execute the Plaintiff Consent Form and join the collective action.  Plaintiffs do not provide sufficient reason to provide such a lengthy period to execute the opt-in consent form and their request for a 60-day opt-in period should be denied.  *Li v. Ichiro Rest., Inc.*, 2015 U.S. Dist. LEXIS 151060, *21 (S.D.N.Y. Nov. 5, 2015) (denying proposed notice and ordering plaintiffs to "amend their notice to indicate that opt-in plaintiffs must consent to join the action within forty-five days from the date notice is mailed.").

13

**D.**   **The Proposed Notice Fails To Alert Potential Opt-In Plaintiffs of Their Right to Separate Counsel and Fails to Include Contact Information for Defendants' Attorneys**

Plaintiffs' proposed notice fails to advise potential opt-in plaintiffs of their right to obtain separate counsel and should be denied as written on this basis.  As a matter of law, potential opt-in plaintiffs have the right not only to consult with separate counsel but also to be represented by separate counsel in the collective action.  Accordingly, plaintiffs' notice is defective and should be denied as a matter of law. Wallace Morgan respectfully submits that the following language should be added to the notice:

> You have a right to consult with another attorney, or to hire another attorney to represent you. If you do so, any fee arrangement would have to be worked out between you and that attorney. If you recover money from Defendants, Defendants may be required to pay your attorney's fees, whether you hire Nichols Kaster, PLLP and Fitapelli & Shaffer, LLP, or another attorney.

*Lujan v. Cabana Mgmt.*, 2011 U.S. Dist. LEXIS 9542, \*37 (E.D.N.Y. Feb. 1, 2011); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 107 (S.D.N.Y. 2003) (ordering notice to state, "you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an 'opt-in' consent form...").

Moreover, the contact information for defendants' counsel should be included, with notice to the potential opt-in plaintiffs that they should not contact defendants' attorneys directly if they choose to join the collective action.  Accordingly, Wallace Morgan respectfully submits that the following language should be added:

> [Name and contact information of Sprint UMC counsel] represents defendant Sprint/United Management Company in this case, and [Name and contact information of Wallace Morgan's counsel] represents defendant Wallace Morgan, Inc. in this case. If you choose to join this case, you should not contact the defendants' lawyers directly yourself.

14

*Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817, *24 (E.D.N.Y. Oct. 11, 2007) (citing *Gjurovich*, 282 F. Supp. 2d 101 (ordering defendants' contact information to be included in notice).

**E.      The Proposed Notice Fails To Inform Potential Opt-In Plaintiffs of Their Litigation Obligations**

The proposed notice improperly fails to inform the potential opt-in plaintiffs of their litigation duties, which is necessary to help them make an informed decision. Courts within the Second Circuit require opt-in plaintiffs to be informed that their participation in a FLSA collective action entails more than simply adding their names to the collective. The notice must inform the proposed collective that participation in the lawsuit may require them to, inter alia, respond to written questions, be deposed, and testify at trial. Any argument that such a notice would dissuade potential plaintiffs is outweighed by the potential plaintiffs' right to receive proper notice. *Mendoza v. Ashiya Sushi 5, Inc.*, 2013 WL 5211839, at *7 (S.D.N.Y. Sept. 16, 2013) (finding that "the advantages of providing notice regarding potential obligations outweigh the possibility of dissuading potential plaintiffs") (*citing Lujan*, 2011 WL 317984 at *11 ("it [is] appropriate to include a neutral and non-technical reference to discovery obligations, to insure that opt-in plaintiffs understand that their participation would entail greater obligations than participation in some Rule 23 class actions"); *Shajan v. Barolo, Ltd.,* 2010 WL 2218095 (S.D.N.Y. June 2, 2010) (modifying plaintiffs' proposed notice to include possibility of discovery obligations), *Bah v. Shoe Mania, Inc.,* 2009 WL 1357223 (S.D.N.Y. May 13, 2009) (same); *Hallissey v. Am. Online, Inc.,* 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) (same); *Bassett v. Tenn. Valley Auth.*, 2010 WL 3092251, at *3 (W.D. Ky. Aug. 5, 2010) (ordering that language advising potential opt-in plaintiffs of their obligations as a party plaintiff, *inter alia*,

15

"being asked to respond to written questions, appear for a deposition, and testify at trial.") (*citing Ahle v. Veracity Research Co.,* 2009 U.S. Dist. LEXIS 86590 (D.Minn. Sept. 23, 2009)).

**F.      The Proposed Notice Fails to Limit the Distribution of the Notice to Regular Mail**

Plaintiffs' request that the notice should be distributed by First Class mail, email, and text should be denied as improper.  Courts within the Second Circuit have rejected requests for electronic mailing of notice absent special circumstances because service by email and text distorts the notice process and compromises the integrity of the notice process.  Plaintiffs have failed to make the requisite showing of special circumstances in this case and their request to serve notice by email and text should be denied on this basis.  *Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944, at *40-41 (W.D.N.Y. Oct. 21, 2009) (rejecting request to send email notices to potential opt-in employees and finding that "[h]istorically, first class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members") (*citing Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007)); *Gordon v. Kaleida Health*, 2009 U.S. Dist. LEXIS 95729 (W.D.N.Y. Oct. 14, 2009) (same); *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F.Supp.2d 334, 338 (W.D.N.Y. 2008) (rejecting request for electronic notice where "plaintiff has made no showing that would justify going beyond the belt-and-suspenders approach of utilizing both mailed and posted notices"); *Sherrill v. Sutherland Global Servs. Inc.,* 487 F.Supp.2d 344 (W.D.N.Y.2007) (denying use of e-mail notices); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 463 (E.D.N.Y. 2014) ("[E]lectronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who

16

could compromise the integrity of the notice process. In addition, email messages could be forwarded to non-class members and posted to internet sites with great ease") (*citing Karvaly*, 245 F.R.D. at 91.

**G.**     **The Proposed Notice Fails to Make  the Opt-in Notices Returnable to the Court**

Plaintiffs' failure to have the notices returnable to the Court is improper and should be denied.  This Court has denied previous requests to make notices returnable to plaintiffs' counsel because it discourages opt-in plaintiffs from selecting their own counsel.  *Diaz v. S&H Bondi's Dept. Store, Inc.*, 2012 WL 137460 (S.D.N.Y. Jan. 17, 2012) (directing consent forms to be mailed to the Clerk of the Court); *Hallissey*, 2008 WL 465112 (requiring consent forms to be mailed to the Clerk of the Court because a contrary ruling might discourage opt-in plaintiffs from retaining their own counsel).

Upon conditional certification and proper notice, plaintiffs should cease and desist from initiating all unauthorized communication to putative collective action members, specifically the use of email, phone, and social security numbers to contact potential members.  *See e.g., Hoffmann-La Roche*, 493 U.S. at 171 (finding that once suit is filed, the district court has "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 164 (N.D.N.Y. 2008) (ordering plaintiffs' counsel to cease and desist sending notice to the putative class as unauthorized communication by plaintiffs' counsel can lead to abuse and confusion as such communication can easily diverge from the balanced approach which the Court's notice will express).

17

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court deny Plaintiffs'

Motion For Conditional Collective Certification And Court-Authorized Notice Pursuant To 29

USC § 216(b) in its entirety, and for whatever further relief this Court deems just and proper.

Dated:     New York, New York
           November 13, 2015

Yours, etc.,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By: _____

William F. Cusack
Valerie L. Hooker
*Attorneys for Defendant*
Wallace Morgan, Inc.
150 East 42nd Street
New York, New York 10017
(212) 490-3000
Our File No. 17208.00001

cc:     Attorneys for Plaintiffs

Anna Purna Prakash
Nichols Kasters, L.L.P.
80 South Eighth Street
Suite 4600
Minneapolis, MN 55402
(612) 256-3200
Fax: (612) 338-4878
Email: aprakash@nka.com

18

7108904v.1

Frank Joseph Mazzaferro
Fitapelli & Schaffer LLP
475 Park Avenue South
New York, NY 10016
(315)-225-6330
Fax: (212)-481-1333
Email: fmazzaferro@fslawfirm.com

Joseph A. Fitapelli
Fitapelli & Schaffer
475 Park Avenue South 12th floor
New York, NY 10016
(212)-300-0375
Fax: (212)-564-5468
Email: jfitapelli@fslawfirm.com

Rachhana T. Srey
Nichols Kaster, PLLP
4600 IDS Center, 80 South 8th St.
Minneapolis, MN 55402
(612)-256-3200
Fax: (612)-215-6870
Email: srey@nka.com

Brian Scott Schaffer
Fitapelli & Schaffer, LLP
475 Park Avenue South, 12th Floor
New York, NY 10016
(212)-300-0375
Fax: (212)-481-1333
Email: bschaffer@fslawfirm.com

Attorneys for defendant Sprint/United Management Company

Elise Michelle Bloom
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
(212)969-3000 x3410
Fax: (212)969-2900
Email: ebloom@proskauer.com

19

Gregory I Rasin
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
(212)-969-3940
Fax: (212)-969-2900
Email: grasin@proskauer.com

Michelle A. Annese
Proskauer Rose LLP (Newark)
One Newark Center
18th floor
Newark, NJ 07102
(973)-274-3231
Fax: (973)-274-3299
Email: mannese@proskauer.com

Nicole A. Eichberger
Proskauer Rose LLP (New Orleans)
650 Poydras Street
Suite 1800
New Orleans, LA 70130
(504)-310-2024
Fax: (504)-310-2022
Email: neichberger@proskauer.com

Steven D. Hurd
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
(212)969-3900
Fax: (212)969-2900
Email: shurd@proskauer.com

Susan Christine McAleavey
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
(212)-969-3149
Fax: (212)-969-2900
Email: smcaleavey@proskauer.com

20