Case 1:15-cv-05237-PAE   Document 145   Filed 05...

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **5/12/2016**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMIE MARTIN and DANEISHA SINGLETON, *on behalf of themselves and all others similarly situated, and the Proposed New York Rule 23 Class*,

            Plaintiffs,

-v-

SPRINT/UNITED MANAGEMENT COMPANY and WALLACE MORGAN, INC.,

            Defendants.

------------------------------------------------------------X

15 Civ. 5237 (PAE)

<u>OPINION & ORDER</u>

**PAUL A. ENGELMAYER, District Judge:**

Plaintiffs bring this action on behalf of themselves and similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 650 *et seq.* The First Amended Complaint ("FAC") alleges that defendants Sprint/United Management Company ("Sprint") and Wallace Morgan, Inc. ("Wallace Morgan") maintained unlawful employment practices, including misclassifying their employees as independent contractors and thereby failing to pay minimum wage or overtime compensation at the statutorily required rates for employees.

Plaintiffs now move, pursuant to Federal Rule of Civil Procedure 15(a), for leave to file a Second Amended Complaint naming Credico (USA) LLC ("Credico"), the intermediary company between Sprint and Wallace Morgan, as an additional defendant. For the following reasons, the Court grants plaintiffs' motion.

**I.     Background**[1]

    **A.     The First Amended Complaint**

Sprint Corporation is a telecommunications company with a brand, Assurance Wireless, which provides federal Lifeline Program services to eligible consumers.  Sprint is the management company for Virgin Mobile, a subsidiary of Sprint Corporation which administers the Assurance Wireless brand.  Plaintiffs were formerly employed by various subcontractor companies ("Sprint Partners") that contracted with Sprint, either directly or through intermediary companies, to provide face-to-face marketing for Assurance Wireless.  Plaintiffs' primary job duty was collecting applications from consumers seeking to enroll in the Lifeline Program through Assurance Wireless.  The Court here uses the term "Agents" to refer to all persons who have this primary job duty.

Wallace Morgan is a Sprint Partner headquartered in New York City.  It contracts with Credico, a Delaware corporation headquartered in Chicago, which, in turn, contracts with Sprint.

On July 7, 2015, plaintiffs brought this lawsuit against Assurance Wireless, LLC and Wallace Morgan.  Dkt. 1.  On October 13, 2015, plaintiffs amended the complaint to replace Assurance Wireless LLC with Sprint as a defendant.  Dkt. 48.  The FAC claims that, despite its use of intermediary companies, Sprint exercises considerable control over Agents, and is thus a "joint employer" under the FLSA and the NYLL.  It further claims that Sprint and Wallace

---

[1] The Court assumes familiarity with its earlier decision granting in part and denying in part plaintiffs' motion for conditional certification, Dkt. 86, *reported at Martin v. Sprint/united Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016), and draws upon the facts recited there.  Except where specifically referenced, no citation to the decision will be made.  The Court also references the First Amended Complaint, Dkt. 48 ("FAC"); the proposed Second Amended Complaint, Dkt. 109, Ex. A ("SAC"); and Sprint's opposition to plaintiffs' motion for conditional certification, Dkt. 70 ("Sprint Conditional Cert. Br.").

Morgan violated those statutes by misclassifying their employees as independent contractors and thereby failing to pay minimum wage or overtime compensation at the required rates.

On October 25, 2015, Wallace Morgan and Sprint each filed an answer to the FAC. Dkts. 66, 67.

### B.     The Motion for Conditional Certification

On October 23, 2015, plaintiffs moved for conditional certification of a nationwide class of all Agents who collected Lifeline applications for Assurance Wireless (the "Sprint-wide class"), or, in the alternative, all persons who performed such work through Credico, either directly or through one of its subcontractors (the "Credico-wide" class).

In opposing conditional certification of a Sprint-wide class, Sprint argued that it plays no role in dictating or enforcing the wage-and-hour policies that plaintiffs protest. *See* Sprint Conditional Cert. Br. 1–2.  In support, it submitted, among other documents, the Sprint-Credico Outreach Agency Agreement, which, Sprint noted, "says nothing about the terms of employment of any individual [Agent]." *Id.*  To the contrary, Sprint asserted: "The details of employment or contracting with actual agents are left entirely to Credico or its subcontractors." *Id.*

On January 4, 2016, the Court granted in part and denied in part plaintiffs' motion for conditional certification.  It declined to conditionally certify either of the proposed nationwide collectives. *Martin*, 2016 WL 30334, at * 20.  Instead, it conditionally certified a narrower collective, consisting of all Agents who were directly employed by Wallace Morgan in New York City. *Id.*

3

### C. The Motion to Amend

On February 12, 2016, plaintiffs moved to amend the FAC to add Credico as a defendant, Dkt. 107, and filed a memorandum of law, Dkt. 108 ("Pl. Br."), and a declaration by plaintiffs' counsel, Dkt. 109, in support.

On February 18, 2016, Wallace Morgan notified the Court that it does not oppose plaintiffs' motion to amend the FAC. Dkt. 114. On February 25, 2016, however, Sprint filed a brief in opposition, Dkt. 120 ("Sprint Br."), along with a declaration by its counsel, Dkt. 119. On March 4, 2016, plaintiffs replied, Dkt. 127 ("Pl. Reply Br."), and filed a supplemental declaration by plaintiffs' counsel, Dkt. 128.

## II. Applicable Legal Principles

Federal Rules of Civil Procedure 15 and 21 together supply the legal standards applicable to a motion to amend a complaint to add a party.

Under Rule 15(a)(2), a party that has already used or foregone its one "matter of course" amendment and does not have the opposing party's consent may amend its pleading only with the "court's leave," which the court should "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has directed courts to grant leave to amend under Rule 15 in the absence of factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Santiago v. Pressley*, No. 10 Civ. 4797 (PAE), 2011 WL 6748386, at *5 (S.D.N.Y. Dec. 23, 2011) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007)). However, even where such factors are

present, "[t]he rule in this Circuit has been to allow a party to amend its pleading in the absence of . . . prejudice or bad faith." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993).

Where the proposed amendment seeks to add parties, Rule 21 comes into play. *See Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909 (DLC), 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001) (collecting cases). It provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Although Rule 21 on its face might appear to countenance amendments not authorized by Rule 15, the case law teaches that in determining whether the terms are "just" under Rule 21, courts should "apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

**III.    Discussion**

Plaintiffs' motion to add Credico as a defendant arises as a result of new information gleaned through the parties' briefing on the motion for conditional certification. Pl. Reply Br. 2. Plaintiffs claim that the documents Sprint submitted in connection with its opposition to that motion reveal that Credico exercised "significant control over the hours Plaintiffs worked and [the] method of their compensation." *Id.* On this basis, they allege that "Credico is a joint employer in this matter, and is liable for unpaid wages under Plaintiffs' theory of joint employer liability." *Id.*

Sprint opposes plaintiffs' motion on the grounds that it is untimely, dilatory, and prejudicial to Sprint. Sprint separately argues that plaintiffs' reassertion of a nationwide collective claim is barred by the law of the case doctrine. For the reasons that follow, Sprint's first argument lacks merit and its second does not supply a good reason to deny the amendment.

### A. Plaintiffs' Motion is Timely and Made in Good Faith

Plaintiffs' motion was not unduly delayed. To the contrary, it was filed within the deadline set by the Court's Case Management Plan for the amendment of pleadings or the joinder of parties. *See* Dkt. 87, at 1 ("[A]ny motion to amend or join additional parties shall be filed [by February 12, 2016]."). It is, therefore, *per se* timely.[2] *See Loftex USA LLC v. Trident Ltd.*, No. 11 Civ. 9349 (PAE), 2012 WL 5877427, at *4 (S.D.N.Y. Nov. 20, 2012) (proposed amendment did not reflect bad faith or undue delay where plaintiff "abided by the schedule proposed by the parties and set by the Court").

Sprint argues that plaintiffs' motion is "dilatory" because plaintiffs "knew of Credico before they filed their FAC," but chose not to add Credico as a defendant. Sprint Br. 3. That argument is unpersuasive. That plaintiffs knew something of Credico's association with Sprint and Wallace Morgan when they filed the FAC did not oblige them then to add Credico as a defendant.[3] Plaintiffs were free to wait until they learned more. Nor does it mean that plaintiffs

---

[2] The seventh-month interval between the initiation of this action and the motion to amend is not excessively lengthy, especially given the intervening motion for conditional certification, which supplied plaintiffs with additional information regarding Credico that justified the amendment. Courts in this Circuit have often countenanced amendments made after longer periods. *See, e.g.*, *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 848, 856 (2d Cir. 1981) (permitting amendment three years after complaint was filed); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *2, *4–6 (S.D.N.Y. Apr. 5, 2010) (granting leave to add defendant 11 months after complaint was filed); *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 34 (N.D.N.Y. 2009) (adding defendants 16 months after collective action complaint was filed and after close of opt-in period); *Journal Pub. Co. v. Am. Home Assur. Co.*, 771 F. Supp. 632, 636–37 (S.D.N.Y. 1991) (permitting amendment three and a half years after complaint was filed); *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (same, nearly four years after complaint was filed).

[3] That plaintiffs were aware earlier of a separate putative collective action pending against Credico, *see Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE) (S.D.N.Y. 2015), also did not make their later amendment untimely. Plaintiffs may not have then believed naming Credico was necessary or advantageous, particularly while their bid for conditional certification as to Sprint, which presupposed a larger certified collective, was as-yet unresolved. *See* Pl. Reply Br.

were acting in bad faith when they later opted to do so.  To the contrary, plaintiffs' counsel explains that "[t]hrough the briefing on [the conditional certification] motion, . . . [they] learned new information relating to the high level of Credico's involvement affecting Plaintiffs' unpaid-wage claims."  Pl. Reply Br. 2.  As they explain, the "decision to add Credico now, as opposed to when [the FAC] was filed, is simply a result of what was learned through Sprint's conditional certification opposition."  *Id.*  The Court accepts this explanation.

This case is thus easily distinguished from a case on which Sprint relies, in which the plaintiff "kn[e]w or should have known of the facts upon which the proposed amendment [was] based, but failed to include them in the original pleading."  *Priestley v. Am. Airlines, Inc.*, No. 89 Civ. 8265 (JMC), 1991 WL 64459, at *1–2 (S.D.N.Y. Apr. 12, 1991).  It more closely resembles the many cases in which courts have approved amendments to the pleadings based on facts that later came to light, *e.g.*, during discovery.  *See, e.g.*, *On Track Innovations Ltd. v. T-Mobile USA, Inc.*, No. 12 Civ. 2224 (AJN) (JCF), 2014 WL 406497, at *2 (S.D.N.Y. Feb. 3, 2014) (delay justified where plaintiff did not learn essential facts until discovery); *TNS Media Research, LLC v. TRA Global, Inc.*, No. 11 Civ. 4039 (SAS), 2012 WL 2052679, at *1 (S.D.N.Y. June 4, 2012) (allowing party to add counterclaim defendants where earlier suspicions were subsequently borne out through discovery); *Journal Pub. Co.*, 771 F. Supp. at 636–37; *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp. 1071, 1078–79 (S.D.N.Y. 1990).

The Court, therefore, holds that plaintiffs' motion to amend the complaint to add Credico is timely, non-dilatory, and made in good faith.

---

2 ("At that time, based on the information they had, Plaintiffs did not believe that they needed to add Credico as a Defendant.").

### B.     Sprint Will Not Be Prejudiced by the Amendment

The Court rejects Sprint's claim that the proposed amendment will prejudice it.  In determining whether a party will be prejudiced by an amended pleading, the Court should consider, *inter alia*, "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute."  *Block*, 988 F.2d at 350 (collecting cases).  Neither of these concerns is present here.[4]

First, there is no reason to believe that the amendment would substantially increase the costs of discovery for Sprint.  It neither "alter[s] the [FAC's] theories of relief" nor "represent[s] a radical shift from the recovery sought in the [FAC]."  *See Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 58 (2d Cir. 1984).  It does not expand the putative class, the period covered by the plaintiffs' claims, or the monetary measures of recovery.  To the contrary, it merely adds Credico—the intermediary organization between the two defendant companies—as an additional employer that may be held liable to plaintiffs, singly or jointly with one or more co-defendants.  It is reasonable to assume that any additional discovery costs incurred by Sprint as a result of adding Credico would be relatively marginal.  *See State Teachers Ret. Bd.*, 654 F.2d at 856 (defendant was not "unduly prejudice[d]" where "[t]he amended claim was obviously one of the objects of discovery and related closely to the original claim"); *Forbes & Wallace, Inc. v. Chase Manhattan Bank*, 79 F.R.D. 563, 567 (S.D.N.Y. 1978) (defendant was not prejudiced where "[t]he subject of the proposed counts [was] closely related to that of the original complaint").

---

[4] The third consideration cited by the Circuit—"whether the assertion of the new claim would . . . prevent the plaintiff from bringing a timely action in another jurisdiction," *Block*, 988 F.2d at 350—is also inapplicable.

Second, Sprint has not shown that joining Credico would significantly delay the resolution of this action. It should not. This litigation is still in its relatively early stages, with the deadline for fact discovery more than three months away. Dkt. 90, at 1; *see State Teachers Ret. Bd.*, 654 F.2d at 856 (no undue prejudice where, "[a]t the time plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants"); *Arbitron Co. v. Tropicana Prod. Sales, Inc.*, No. 91 Civ. 3697 (PKL), 1993 WL 138965, at *13 (S.D.N.Y. Apr. 28, 1993) (timing of amendment was "not problematic to the Court" because discovery was "not in its final stage"). It is thus a far cry from cases in which the proposed amendment would have required the re-opening of discovery on the brink of trial. *See, e.g.*, *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 163 (S.D.N.Y. 2005) (denying motion to amend "because of the unexplained twenty-two month delay in asserting the defense, the undue prejudice it would cause plaintiff in having to re-open discovery . . . , and the resulting postponement of the trial date"); *Priestley*, 1991 WL 64459, at *2 ("[T]he Court will not countenance amendments that . . . necessitate a reopening of the discovery period when trial is imminent.").

Moreover, to the extent the time taken by the Court to resolve this motion resulted in less time remaining between approval of the amendment and the deadline for fact discovery, that is not plaintiffs' fault. The Court recognizes that the addition of a new defendant may require a modest extension of the discovery period, and is open to granting such an extension upon a prompt request made after counsel for all parties meet and confer. Any such modest extension would not work prejudice, let alone unfair prejudice, on Sprint. *See Block*, 988 F.2d at 350 ("Mere delay . . . does not provide a basis for a district court to deny the right to amend." (quoting *State Teachers Retirement Bd.*, 654 F.2d at 856)); *Priestley*, 1991 WL 64459, at *1 ("It

9

is beyond peradventure that mere delay in and of itself is an insufficient basis for denying leave to amend.").

        **C.**        **Plaintiffs' Motion is Not Futile**

There is no basis for claiming that plaintiffs' proposed amendment would be futile. "Futility" under Rule 15 turns on whether a proposed pleading would be able to withstand a dispositive pretrial motion. *Touchtunes Music Corp. v. Rowe Intern. Corp.*, 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012). A proposed amendment is futile if the amended pleading fails to state a claim upon which relief could be granted, and would thus not survive a motion to dismiss. *Loftex*, 2012 WL 5877427, at *2.

Here, the proposed Second Amended Complaint ("SAC") alleges that Credico, along with Sprint and Wallace Morgan, "maintained control, oversight, and direction over the operation of Plaintiffs, including the employment practices Plaintiffs must abide by, and were engaged in the employment of Agents, including the Plaintiffs." SAC ¶ 93. It further alleges that Credico, along with the other defendants, is responsible for training Agents, and plays a role in determining the number of hours they must work each week and the manner in which they will be paid. *Id.* ¶ 89. Finally, it alleges that Credico "exercise[s] certain control over the hiring, conduct, training, and supervision and performance of its employees." *Id.* These allegations must be taken as true at this stage. As such, they are sufficient to support a joint-employer theory of liability under the FLSA and the NYLL.[5]

---

[5] *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) ("formal control" test for employment relationship asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records") (internal quotation marks and citation omitted); *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003) ("functional control" test for employment relationship asks, *inter alia*: "(1) whether [the alleged employer's] premises and equipment were used for the plaintiffs'

Notably, Sprint does not oppose plaintiffs' motion on the ground of futility. Nor could it. Quite the contrary, in opposing plaintiffs' motion for conditional certification, Sprint attempted to shift responsibility for any allegedly unlawful wage-and-hour policies to Credico itself and its subcontractors. *See* Sprint Conditional Cert. Br. 2 ("The details of employment or contracting with [ ] agents are left entirely to Credico or its subcontractors."); *id.* at 6 (noting that the Sprint-Credico contract provides that Credico "will exercise complete control over the hiring, conduct, training, supervision, performance and termination of its employees").

It remains, of course, to be seen whether plaintiffs can factually substantiate their claims that Credico exercised formal or functional control over their employment, and that any wage-and-hour laws were violated. The Court expects that the parties will pursue these issues, among others, in discovery. But, at this stage, because plaintiffs have pled enough facts to survive a motion to dismiss, the proposed amendment would not be futile. Therefore, this factor favors granting plaintiffs' motion. *See Journal Pub. Co.*, 771 F. Supp. at 637 ("As the Court has concluded that the proposed amendments are not futile, plaintiffs' good faith in moving to amend is apparent.").

### D.     The Law of the Case Doctrine is Inapplicable

Sprint separately argues that plaintiffs should not be permitted to amend the FAC because doing so is at odds with the law of the case doctrine, which "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages

---

work; (2) whether the [subcontractor] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete . . . job that was integral to [the alleged employer's business]; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employer] or [its] agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employer]").

in the same case unless cogent and compelling reasons militate otherwise." *Id.* at 5 (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)) (internal quotation marks and citation omitted).

Sprint is simply wrong on this point. Plaintiffs do not seek to add any language or allegations as to Sprint, let alone to revisit the denial of conditional certification of a Sprint-wide class.[6] Rather, the SAC merely adds Credico as an additional defendant, no doubt inspired, in part, by *Sprint's* identification of Credico as among the entities that set the terms under which plaintiffs worked. The Court's decision on the motion for conditional certification did not, explicitly or implicitly, preclude that bid. To the contrary, in declining to conditionally certify a nationwide class, the Court emphasized that its "holding [was] not a merits determination," and that it was premature to make any determination as to the viability of plaintiffs' joint-employer theory of liability. *Martin*, 2016 WL 30334, at *11 n.24. The law of the case doctrine is thus inapplicable. *See Bamgbose v. Delta-T Grp., Inc.*, 724 F. Supp. 2d 510, 519 (E.D. Pa. 2010) (holding, in the context of plaintiff's motion to amend, that defendants' law-of-the-case-doctrine objection was "premature," because "[t]he plaintiff ha[d] not yet renewed his motion for conditional certification, and . . . [thus] ha[d] yet to ask the Court to decide an issue it ha[d] already decided").

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend their complaint to add Credico as a defendant is granted. The Clerk of Court is respectfully directed to add Credico (USA) LLC as a

---

[6] The fact that the SAC retains plaintiffs' § 216(b) claims against Sprint does not, as Sprint claims, render the motion a "back-door" renewal of plaintiffs' motion for conditional certification. *See* Sprint Br. 6.

defendant in this matter and to terminate the motion pending at docket number 107. Plaintiffs are directed to file the Second Amended Complaint as a separate docket entry no later than May 16, 2016, and to serve Credico with it forthwith.[7]

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: May 12, 2016
   New York, New York

---

[7] The Court is mindful that the allegations and the scope of the putative class in the pending lawsuit *Vasto v. Credico*, *see supra* note 3, already overlap to some degree with those here, and that these overlaps will grow with the addition of Credico as a defendant in this case. The Court expects counsel in the two cases to work collegially together to coordinate with respect to common discovery, so as to minimize duplication and conserve expense. The Court will stand ready, as the two cases move forward, to receive thoughtful proposals, following conferral among all counsel, as to the efficient management of these cases.