

Nichols Kaster
ATTORNEYS AT LAW

Rachhar
Direct: (6
Fax: (612)
srey@nka

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2016

June 24, 2016

**VIA ECF**
Judge Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*RE:*  *Vasto, et al. v. Credico (USA), LLC, et al.*
       *Court File No. 1:15-cv-9298-PAE*

       *Martin, et al. v. Sprint/United Management Company, et al.*
       *Court File No. 15-cv-5237-PAE*

Your Honor:

Pursuant to the Court's Order of June 10, 2016 in the *Vasto* and *Martin* matters (ECF Nos. 125 and 157, respectively), the parties submit this joint letter.

## Overlap Between the Existing Fair Labor Standards Act ("FLSA") Collectives

With respect to the overlap between the conditionally certified Fair Labor Standards Act ("FLSA") collective in *Vasto* ("Vasto Collective") and the conditionally certified FLSA collective in *Martin* ("Martin Collective"), the parties propose delineating the parameters of each collective to avoid overlap and ensure that any given collective member's claim is litigated in one proceeding only. To that end, a list of the individuals who have opted into *Martin* is attached hereto as Exhibit A and has been provided to Plaintiffs' counsel in *Vasto*. Although notice in the *Vasto* matter has already been sent to these individuals, Plaintiffs' counsel in *Vasto* have agreed that if they are contacted by individuals who opted into *Martin* and worked for Wallace Morgan in New York, they will refer them to Plaintiffs' counsel in *Martin*, and they will not file their opt-in consent forms in the *Vasto* matter. Importantly, it is plaintiffs' position that those individuals who worked at Wallace Morgan but who have not opted into the *Martin* Collective should be given the opportunity to opt into the *Vasto* Collective to promptly toll the statute of limitations. Defendants reserve all rights in this regard, including but not limited to their right to assert that putative collective members are not entitled to a "second bite at the apple" if they previously elected not to opt into *Martin*.

As to any additional delineations between the two collectives, the parties respectfully request that the Court allow the parties until the end of the notice period in *Vasto* to make a proposal. The notice period in *Vasto* closes on August 15, 2016. At that time, the parties will know how many

members of the *Vasto* Collective, if any, worked for Wallace Morgan, and how many members did not work for Wallace Morgan, but previously opted into *Martin*. At that time, plaintiffs will be better able to propose revised collective definitions and defendants will be able to prepare a more fulsome response for the Court's consideration in *Vasto* and/or *Martin*. Additionally, at that time, there may no longer be a need for delineation of the two collectives if the individual claims in the *Martin* matter are resolved.

Should the need to delineate still exist at the close of the *Vasto* opt-in period, plaintiffs will likely propose that: (1) the Court revise its conditional certification order in *Vasto* to exclude individuals who worked at Wallace Morgan; and (2) the Court allow any individuals who have opted into the *Vasto* Collective and who worked at Wallace Morgan a brief period of time, after consultation with counsel, to join the *Martin* Collective and grant tolling on their claims as of the date they joined the *Vasto* Collective. Defendants again reserve all rights as to plaintiffs' proposal. However, the parties believe it wise to first examine the response to the notice that was just mailed in *Vasto* and the composition of the group that ultimately opts into that action. Doing so will allow the parties to make a more informed proposal to the Court on how precisely to delineate the two collectives.

## Overlap Between Potential Future Collectives Classes

The parties recognize that, even if the two collectives are further delineated, there may still be a risk of any given claim being litigated in more than one case. For example, there are opt-in plaintiffs in *Martin* who plaintiffs assert worked for defendant Credico but not for Wallace Morgan. The *Martin* plaintiffs have also reserved their right to move for a broader collective, which if certified could include individuals who will have opted into the *Vasto* Collective unless additional parameters are later delineated. Additionally, there is some overlap between the proposed Rule 23 classes in the two cases. The parties submit that the Court also need not address this type of overlap at this juncture for several reasons.

First, the opt-in period for the *Vasto* Collective is moving forward with agreement from the parties on the immediate issue of which consent forms should be filed.

Second, future overlap is merely a possibility at this time. Case developments and strategy decisions on the part of any party in either of the cases may eliminate the possibility of future overlap well before the point where claims could be decided.

Third, the parties will continue to assess any potential overlap as the cases progress and will jointly or separately propose to the Court a plan to resolve any future overlap.

For these reasons, the parties respectfully recommend that the Court grant the parties until August 29, 2016, to propose a further delineation of the *Martin* Collective and *Vasto* Collective, and defer a ruling on any other future overlap between the two actions. Thank you for your kind consideration of this matter.

Sincerely,

| Nichols Kaster, PLLP | Proskauer Rose LLP | Wilson Elser Moskowitz Edelman & Dicker LLP |
|---|---|---|
| s/Rachhana T. Srey<br>For *Martin* Plaintiffs | s/Nicole A. Eichberger<br>For Defendant *Sprint/United Mgmt* | s/William Cusack<br>For Defendant *Wallace Morgan* |
| Lichten & Liss-Riordan, P.C. | Gibson, Dunn & Crutcher LLP | Tremiti LLC |
| s/Jill S. Kahn<br>For *Vasto* Plaintiffs | s/Jennifer Rearden<br>For Defendant *Credico* | s/Joseph Tremiti<br>For Defendant *Cromex* |

Encl.

6/28/16

The Court appreciates the parties' thoughtful submission and agrees with their wise assessment. The parties are directed to submit to the Court, by Monday, August 29, 2016, a joint proposal regarding any further delineation of the collectives in these two cases.

**SO ORDERED:**

*Paul A. Engelmayer*

HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE