# EXHIBIT 28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMIE MARTIN and DANEISHA SINGLETON, on behalf of themselves and all others similarly situated, and the Proposed New York Rule 23 Class<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT CO., CREDICO (USA), LLC, and WALLACE MORGAN, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Court File No. 15-cv-05237 (PAE/HP) |

### OPT-IN PLAINTIFF RAY CASTILLO-FABIAN'S RESPONSES TO DEFENDANTS SPRINT/UNITED MANAGEMENT COMPANY'S, CREDICO (USA) LLC'S, AND WALLACE MORGAN, INC.'S FIRST SET OF INTERROGATORIES

### PRELIMINARY STATEMENT

Opt-in Plaintiff Ray Castillo-Fabian ("Plaintiff") provides these responses to Defendants' Interrogatories pursuant to the Federal Rules of Civil Procedure. Plaintiff has not yet concluded Plaintiff's investigation of the facts relating to this case, completed formal discovery, or preparation for trial. For these reasons, there may exist information and documents that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed. All of the following responses are based only on information and documents that are presently known to Plaintiff.

### GENERAL OBJECTIONS AND QUALIFICATIONS

Plaintiff objects to each discovery request that calls for the disclosure of material protected by a privilege, including but not limited to information protected by attorney work-

1

product and/or attorney-client privileges.  Plaintiff objects to each discovery request that seeks to impose a burden on Plaintiff beyond the Federal Rules of Civil Procedure.  Plaintiff also objects to any discovery request that would impose upon Plaintiff undue expense and/or inconvenience.

Some of the definitions and instructions prefacing Defendants' discovery requests are overly broad or inconsistent with the Federal Rules of Civil Procedure.  Plaintiff will answer Defendants' requests only in accordance with and to the extent required by the Federal Rules of Civil Procedure.

Plaintiff's answers herein are provided without prejudice to Plaintiff's right to amend the answers and/or further produce any information and/or documents responsive to the interrogatory, request, or admission.

## INTERROGATORIES

1.      Identify any person or entity that has or may have knowledge, information, or documents relevant to the allegations in the Complaint, and describe the information You believe such person or entity possesses.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome, and as seeking information in Defendants' custody and/or control. Subject to, and without waiving these objections, Plaintiff directs Defendants to those individuals identified in Plaintiffs' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiff further states that those agents employed by Defendants that Plaintiff worked with will have knowledge of the allegations in the Complaint. All managers employed by Defendants in New York during the putative class period will also have knowledge of the allegations in the Complaint. These individuals include, but are not limited to:

2

| NAME | KNOWLEDGE |
| --- | --- |
| Tommy Smith<br>Owner of Wallace Morgan | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, the pay rate, and Defendants' business relationships. |
| Nilda Ortega<br>Assistant Manager | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Aimee Wong<br>Office Manager | Knowledge of Plaintiff's job duties, hours worked, and pay rate. |
| Andre Raina<br>Account Manager | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Daniel Renaud<br>Account Manager | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Woo Kim<br>Management | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Kevin Quase<br>Leader | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Antonio Isaac<br>Leader | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Tamar Abou-Salam<br>Leader | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Kevin Rodriguez<br>Leader | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Alisha Hernandez<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Gregory Jagoo<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Stanley Salbain<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Edgar Torres<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| George Erazy<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and |

| | |
|---|---|
| | procedures, and the pay rate. |
| Alejandro Garcia<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Frank (last name unknown)<br>Leader | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Renecia (last name unknown)<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |
| Alejandra (last name unknown)<br>Agent | Knowledge of Plaintiff's job duties, hours worked, training, Defendants' rules and procedures, and the pay rate. |

Discovery is continuing.

2. Identify all Persons who possess documents relevant to this Action.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overbroad, unduly burdensome, and as it seeks information outside of Plaintiff's custody and/or control. Subject to, and without waiving these objections, Plaintiff states that those agents employed by Defendants that Plaintiff worked with may have documents relevant to this Action. All managers employed by Defendants in New York during the putative class period may have documents relevant to this Action. These individuals include, but are not limited to:

Tommy Smith (owner of Wallace Morgan);

Nilda Ortega (Assistant Manager);

Aimee Wong (Office Manager);

Andre Raina (Account Manager);

Daniel Renaud (Account Manager);

Woo Kim (Management);

Kevin Quase (Leader);

Antonio Isaac (Leader);

4

Tamar Abou-Salam (Leader);

Kevin Rodriguez (Leader);

Alisha Hernandez (Agent);

Gregory Jagoo (Agent);

Stanley Salbain (Agent);

Edgar Torres (Agent);

George Erazy (Agent);

Alejandro Garcia (Agent);

Frank (last name unknown) (Leader);

Renecia (last name unknown) (Agent); and

Alejandra (last name unknown) (Agent).

Discovery is continuing.

3.    Identify all persons with knowledge regarding the existence, custodians, locations, and general descriptions of documents or other physical evidence relating to the information set forth in the Complaint, in response to all of the interrogatories herein, or in response to Defendants' First Request for Production of Documents to You.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, in addition to Plaintiff, Plaintiff states that Defendants are in possession of the majority of the documents relating to the information set forth in the Complaint, and it is the Defendants – not Plaintiff – who are in a position to identify all persons with knowledge regarding the existence, locations and general

descriptions of documents or other physical evidence relating to the information set forth in the Complaint.  Discovery is continuing.

4.      Identify each person who has or may have knowledge, information, or documents concerning the nature and extent of duties, tasks, responsibilities, and/or training You allege You participated or performed on behalf of the Defendants related to Your job gathering applications for enrollment in the Lifeline Program through Assurance Wireless.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome, and as seeking information in Defendants' custody and/or control.  Subject to, and without waiving these objections, Plaintiff directs Defendants to those individuals identified in Plaintiffs' Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  Plaintiff further states that those agents employed by Defendants that Plaintiff worked with will have knowledge of Plaintiff's duties, tasks, and responsibilities performed, and/or training completed related to Plaintiff's job gathering applications for enrollment in the Lifeline Program through Assurance Wireless.  All managers employed by Defendants in New York during the putative class period will also have knowledge.  These individuals include, but are not limited to:

Tommy Smith (owner of Wallace Morgan);

Nilda Ortega (Assistant Manager);

Aimee Wong (Office Manager);

Andre Raina (Account Manager);

Daniel Renaud (Account Manager);

Woo Kim (Management);

Kevin Quase (Leader);

Antonio Isaac (Leader);

6

Tamar Abou-Salam (Leader);

Kevin Rodriguez (Leader);

Alisha Hernandez (Agent);

Gregory Jagoo (Agent);

Stanley Salbain (Agent);

Edgar Torres (Agent);

George Erazy (Agent);

Alejandro Garcia (Agent);

Frank (last name unknown) (Leader);

Renecia (last name unknown) (Agent); and

Alejandra (last name unknown) (Agent).

Discovery is continuing.

5.    To the extent not already identified, identify all persons who are witnesses to all of plaintiffs' claims and factual allegations as set forth in the Complaint: (a) by name, job title, address, and telephone number; and (b) identify the sum and substance of what was witnessed including but not limited to, date, time, place, and other witnesses.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome, and as seeking information in Defendants' custody and/or control. Subject to, and without waiving these objections, Plaintiff directs Defendants to Plaintiff's Responses to Interrogatory Nos. 1, 2 and 4. Plaintiff further states that those agents employed by Defendants that Plaintiff worked with will have knowledge of the allegations in the Complaint. All managers employed by Defendants in New York during the putative class period will also have knowledge of the allegations in the Complaint. These individuals include, but are not limited to:

7

1.  Name: Tommy Smith
    Job Title:  Owner of Wallace Morgan
    Address: unknown
    Phone: unknown
    Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, the pay rate, and Defendants' business relationships.

2.  Name: Nilda Ortega
    Job Title:  Assistant Manager
    Address: unknown
    Phone: unknown
    Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

3.  Name: Aimee Wong
    Job Title:  Office Manager
    Address: unknown
    Phone: unknown
    Event Witnessed: Day to day operations and pay rate information.

4.  Name: Andre Raina
    Job Title:  Account Manager
    Address: unknown
    Phone: unknown
    Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

5.  Name: Daniel Renaud
    Job Title:  Account Manager
    Address: unknown
    Phone: unknown
    Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

6.  Name: Woo Kim
    Job Title:  Management
    Address: unknown
    Phone: unknown
    Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

7.  Name: Kevin Quase
    Job Title:  Leader
    Address: unknown
    Phone: unknown

8

Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

8.     Name: Antonio Isaac
Job Title:  Leader
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

9.     Name: Tamar Abou-Salam
Job Title:  Leader
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

10.    Name: Kevin Rodriquez
Job Title:  Leader
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

11.    Name: Alisha Hernandez
Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

12.    Name: Gregory Jagoo
Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

13.    Name: Stanley Salbain
Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

14.    Name: Edgar Torres

Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

15.   Name: George Erazy
Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

16.   Name: Alejandro Garcia
Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

17.   Name: Frank (last name unknown)
Job Title:  Leader
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

18.   Name: Renecia (last name unknown)
Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

19.   Name: Alejandra (last name unknown)
Job Title:  Agent
Address: unknown
Phone: unknown
Event Witnessed: Daily job duties, hours worked, training, Defendants' rules and procedures, and the pay rate.

Discovery is continuing.

6.   Identify all persons, including, but not limited to, current or former employees of

Credico, Sprint, and/or Wallace Morgan, family members, friends, and all others (excluding

10

Your attorneys) with whom You (or anyone acting on Your behalf) have discussed or otherwise communicated about Your Complaint and/or this Action.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome, and as seeking information in Defendants' custody and/or control. Subject to, and without waiving these objections, Plaintiff identifies the following individuals:  Kevin Rodriguez and Edgar Torres. Discovery is continuing.

7.     Identify any and all persons employed by any of the Defendants (or any person or entity You believe or assert was acting on behalf of any of the Defendants) who You contend supervised, directed, assigned, or otherwise controlled Your duties, responsibilities, tasks, or training related to Your work on the Assurance Wireless campaign that forms the basis of this Action, and identify the entity for which the person worked.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome, and as seeking information in Defendants' custody and/or control. Subject to, and without waiving these objections, Plaintiff responds as follows:

Tommy Smith (owner of Wallace Morgan);

Nilda Ortega (Assistant Manager – Wallace Morgan);

Aimee Wong (Office Manager – Wallace Morgan and Credico);

Daniel Renaud (Account Manager – Sprint);

Woo Kim (Management – Wallace Morgan and Credico);

Kevin Quase (Leader – Wallace Morgan and Credico);

Antonio Isaac (Leader – Wallace Morgan and Credico);

Tamar Abou-Salam (Leader – Wallace Morgan and Credico);

Frank (last name unknown) (Leader – Wallace Morgan and Credico);

Discovery is continuing.

8.     Identify any and all persons employed by Sprint, Credico, or Wallace Morgan (including full-time employment, part-time employment, self-employment, work as an independent contractor, or any other activity intended to generate income in exchange for the performance of personal serviced) with whom You communicated in relation to Your work on the Assurance Wireless campaign that forms the basis of this Action, and identify the entity for which the person worked.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome, and as seeking information in Defendants' custody and/or control. Subject to, and without waiving these objections, Plaintiff responds as follows:

Tommy Smith (owner of Wallace Morgan);

Nilda Ortega (Assistant Manager – Wallace Morgan);

Aimee Wong (Office Manager – Wallace Morgan and Credico);

Daniel Renaud (Account Manager – Sprint);

Woo Kim (Management – Wallace Morgan and Credico);

Kevin Quase (Leader – Wallace Morgan and Credico);

Antonio Isaac (Leader – Wallace Morgan and Credico);

Tamar Abou-Salam (Leader – Wallace Morgan and Credico);

Frank (last name unknown) (Leader – Wallace Morgan and Credico);

Kevin Rodriguez (Leader – Wallace Morgan);

Alisha Hernandez (Agent – Wallace Morgan);

Gregory Jagoo (Agent – Wallace Morgan);

Stanley Salbain (Agent – Wallace Morgan);

Edgar Torres (Agent – Wallace Morgan);

George Erazy (Agent – Wallace Morgan);

Alejandro Garcia (Agent – Wallace Morgan);

Renecia (last name unknown) (Agent – Wallace Morgan); and

Alejandra (last name unknown) (Agent – Wallace Morgan).

Plaintiff further states that it is unduly burdensome to provide the identity of each person Plaintiff communicated with relating to Plaintiff's work, and does not recall all such communications or people. Discovery is continuing.

9.      Identify all persons or entities, other than Defendants, for whom You have worked (including full-time employment, part-time employment, self-employment, work as an independent contractor, or any other activity intended to generate income in exchange for the performance of personal services) from January 1, 2013 to the present, and for each job, state, to the extent applicable:

a. the name, address and phone number of each person or entity for whom You worked;

b. the name, address and phone number of any and all persons who supervised, directed, assigned, or otherwise controlled Your duties, responsibilities, tasks, or training;

c. the date of application for employment;

d. the inclusive dates of employment or the independent contractor relationship;

e. the job title and duties performed;

f. the amount and form of payment (hourly or salaried and whether overtime eligible);

g. the name and job title of Your supervisor(s); and

h. the reason(s) each employment or independent contractor relationship was terminated.

**RESPONSE:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and as calling for a legal conclusion.  Plaintiff also objects that the information sought by this

interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's claims that Defendants misclassified Plaintiff as an independent contractor, failed to pay Plaintiff minimum and overtime wages, and failed to provide Plaintiff with wage notices and accurate statements of wages.   Information concerning Plaintiff's prior and subsequent employment is not relevant to the question of whether Defendants met its obligations to Plaintiff. Subject to and without waiving these objections, Plaintiff identifies the following employers from 2013 to the present:

1.  Employer: McCormick and Schmick's
    Supervisor: Kay Feilder
    Date Applied: 2012
    Dates of Employment: 2012-214
    Job Title: Prep Cook
    Job Duties: Preparing food
    Pay Rate: $11.25 per hour, no overtime
    Reason Employment Ended: Plaintiff ended his employment to find a job after completing school.

2.  Employer: Tag Mobile
    Supervisor: Alejandra Sompongkoe
    Date Applied: N/A
    Dates of Employment: June 20, 2015 – August 2015
    Job Title: Sales Agent
    Job Duties: gathering applications for enrollment in the Lifeline Program
    Pay Rate: $7 per application, no overtime
    Reason Employment Ended: Plaintiff ended his employment as he was lied to about the position.

3.  Employer: Traditional Express
    Supervisor: Xavier Astroza
    Date Applied: January 206
    Dates of Employment: January 7, 2016 - present
    Job Title: Sales
    Job Duties: Phone sales
    Pay Rate: Salary plus commissions, or approximately $350 per week, no overtime
    Reason Employment Ended: N/A

Discovery is continuing.

14

10.     To the extent not already identified in response to Interrogatory No. 10, identify all persons or entities, other than Defendants, for whom You have applied to work (including for full-time employment, part-time employment, self-employment, work as an independent contractor, or any other activity intended to generate income in exchange for the performance of personal services) since Your work for Wallace Morgan that forms the basis of this Action ended, and for each job, state, to the extent applicable:

    a. the name, address and phone number of each person or entity for whom You applied to work;

    b. the name, address, and phone number of any and all persons who supervised, directed, assigned, or otherwise controlled the duties and responsibilities of the position;

    c. the date of application for employment;

    d. the job title and duties; and

    e. the amount and form of payment (hourly or salaried and whether overtime eligible).

**RESPONSE:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and as calling for a legal conclusion. Plaintiff's claims that Defendants misclassified Plaintiff as an independent contractor, failed to pay Plaintiff minimum and overtime wages, and failed to provide Plaintiff with wage notices and accurate statements of wages. Subject to, and without waiving these objections, Plaintiff states that he has not applied to any other positions than those entities identified in Interrogatory 9. Discovery is continuing.

11.     Identify all persons with whom You communicated in the course of searching, interviewing, or applying for work (including full-time employment, part-time employment, self-employment, work as an independent contractor, or any other activity intended to generate income for the performance of personal services) since Your work for Wallace Morgan that forms the basis of this Action ended.

**RESPONSE:** Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and as calling for a legal conclusion. Plaintiff's claims in this lawsuit consist of Plaintiff's claim that Defendants misclassified her as an independent contractor, failed to pay Plaintiff the minimum wage, failed to pay Plaintiff overtime wages, and failed to provide Plaintiff with wage notices and accurate statements of wages. Consistent with these objections, Plaintiff does not recall specific people with who he may have communicated in the course of searching, interviewing, and applying for work from 2013 to the present. Discovery is continuing.

12.  Provide the computation and basis for each category of damages You contend You have suffered by reason of the matters alleged in the Complaint.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects on the grounds that the information sought is in Defendants' custody and/or control. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff is entitled to judgment against Defendants for an amount equal to their unpaid wages, liquidated damages, civil penalties, attorneys' fees and costs, and other applicable relief. Plaintiff does not possess of all of the time and payroll records that will relate to Plaintiff's damage calculation, rather, Defendants are in possession of the majority of the documents and other information relating to these damages. Plaintiff estimates working from 5:45 am to 8:30 pm, Monday through Saturday each week he worked during his employment with Defendants, resulting in Plaintiff working 88.5 hours per week. Discovery is continuing.

13.  Identify all persons with knowledge concerning the amount of damages sought in this Action, including, but not limited to, any persons with knowledge concerning any attempts on Your part to mitigate loss.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects on the grounds that the information sought is in Defendants' custody and/or control. Subject to and without waiving these objections, Plaintiff responds as follows: See generally, Plaintiff's Response to Interrogatory Nos. 1, 2, 4, 7 and 8. Discovery is continuing.

14.     Identify all members of the conditionally certified FLSA collective who have had communications with You, Your counsel, or Your counsel's agents regarding Defendants or this Action.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and as it seeks information outside of Plaintiff's custody and/or control, and as it seeks information protected by the attorney-client privilege and/or work product doctrine. Consistent with these objections, Plaintiff will not identify members of the conditionally certified FLSA collective who have had communications with counsel or counsel's agents regarding Defendants or this Action. Plaintiff had personal communications with Kevin Rodriquez and Edgar Torres regarding Defendants and this action.

15.     To the extent not already identified in response to Interrogatory No. 1[4], identify all members of the Putative Class who have had communications with You, Your counsel, or Your counsel's agents regarding Defendants or this Action.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome and as it seeks information outside of Plaintiff's custody and/or control, and as it seeks information protected by the attorney-client privilege and/or work product doctrine. Consistent with these objections, Plaintiff will not identify members of the Putative Class who have had

17

communications with counsel or counsel's agents regarding Defendants or this Action.  Plaintiff

had personal communications with Kevin Rodriquez and Edgar Torres regarding Defendants and

this action.

16.     Identify all email addresses (professional and personal) and cell phone numbers

(professional and personal) that You have had from July 7, 2009 to the present.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly

burdensome, seeking information that is in Defendants' custody and/or control, and as irrelevant

to any party's claim or defense, and as disproportionate to the needs of the case pursuant to Fed.

R. Civ. P. 26(b)(1). Plaintiff further objects because the information sought and manner of

discovery sought would embarrass, harass, annoy, and oppress Plaintiff, would unduly invade

Plaintiff's privacy, and is sought merely to chill participation in this lawsuit. Subject to, and

without waiving these objections, Plaintiff recalls using personal cell phone numbers ending in

5333 and 7626, as well as cell phone number ██████████ and personal email

raycastillofabian@gmail.com. Discovery is continuing.

17.     Identify all website and web-hosted conversation boards or sites (including social

media accounts) in which You were active from July 7, 2009 to the present and in which You

consumed, posted, or created content concerning Your experiences gathering applications for

enrollment in the Lifeline Program through Assurance Wireless, the allegations in the Complaint,

or any member of the Putative Class, including for each website or web-hosted conversation

board or site, the dates between which You access the website or web-hosted conversation board

or site and a list of all account IDs or "handles" You used.

**RESPONSE:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome,

seeking information that is in Defendants' custody and/or control, and as irrelevant to any party's

claim or defense, and as disproportionate to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Plaintiff also objects to this interrogatory as the phrase "consumed, posted, or created content" is vague. Subject to these objections, Plaintiff states that Plaintiff posted a photograph showing Plaintiff wearing a blue, Assurance Wireless hat, in an airport while on a road trip relating to his employment with Defendants on Facebook. Plaintiff posted under the Facebook account name: Ray Castillo-Fabian. Plaintiff did not consume, create, or post content concerning experiences gathering applications for enrollment in the Lifeline Program through Assurance Wireless on any other website or web-hosted boards or sites during the dates Plaintiff was employed with Defendants.

18. Identify all mobile devices (including phones and tablets) You owned or were in Your possession, custody, or control from July 7, 2009 to the present, except those mobile devices You possessed and marketed solely on behalf of either or all of the Defendants, and for each device, provide the dates You used such device, and identify all applications on each device that enabled You to access information concerning Your experiences gathering applications for enrollment in the Lifeline Program through Assurance Wireless, the allegations in the Complaint, or any member of the Putative Class.

**RESPONSE:** Plaintiff objects to this Interrogatory as vague, overly broad, unduly burdensome, seeking information that is in Defendants' custody and/or control, and as irrelevant to any party's claim or defense, and as disproportionate to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Subject to, and without waiving these objections, Plaintiff states that while working for Defendants, Plaintiff was in possession of a tablet provided by Defendant Sprint, but returned the tablet daily. Plaintiff further states that Plaintiff used the "Assurance Wireless" application on the tablet to access information when performing Plaintiff's job duties of

19

gathering applications for enrollment in the Lifeline Program through Assurance Wireless. Plaintiff used a personal cell phone while employed by Defendants, but did not use it to access information relating to his employment with Defendants.  Discovery is continuing.

**AS TO ANSWERS:**

Pursuant to 28 U. S. C. § 1746, I declare under penalty of perjury that the foregoing answers are true and correct.

Dated: 01/09/2017

*rays castillo fabian*

**Ray Castillo-Fabian**

**AS TO OBJECTIONS:**

Dated:

NICHOLS KASTER, PLLP

Rachhana T. Srey, MN Bar No. 340133*
srey@nka.com
Anna P. Prakash, MN Bar No. 351362*
aprakash@nka.com
Brittany B. Skemp, MN Bar No. 0395227*
bskemp@nka.com
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
* admitted *pro hac vice*

FITAPELLI & SCHAFFER, LLP
Joseph Fitapelli
jfitapelli@fslawfirm.com
Brian Schaffer
bschaffer@fslawfirm.com
Frank Mazzaferro
fmazzaferro@fslawfirm.com
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375
Fax: (212) 564-5468

ATTORNEYS FOR PLAINTIFFS

20