

**Brittany B. Skemp**
Direct: (612) 256-3275
Fax: (612) 338-4878
bskemp@nka.com

4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(877) 448-0492

October 11, 2017

<u>VIA ECF</u>
The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Martin, et al. v. Wallace Morgan*; Case No. 15-cv-5237-PAE

Your Honor:

On September 27, 2017, this Court granted Defendants' cross-motions for summary judgment, determining that Plaintiffs were exempt outside-sales employees who were not entitled to minimum wage or overtime compensation. *See* ECF No. 332. As the Court noted in its Order, Plaintiffs have brought two additional wage-notice claims under New York Labor Law (NYLL), which were not addressed in the parties' cross-motions. The Court has therefore asked Plaintiffs to answer:

1) Under the NYLL, where the outside sales exemption applies, is an employer nevertheless bound to comply with the statute's wage-notice provisions, and
2) How the parties wish to proceed with respect to these claims (*e.g.*, should the Court exercise supplemental jurisdiction over these state-law claims).

*Id.*

**A.**     <u>**Wallace Morgan Must Still Comply With NYLL's Wage-Notice Provisions, Even If Plaintiffs Are Exempt Outside-Sales Employees**</u>**.**

NYLL requires "[e]very employer" at the time of hiring to provide its employees with a written notice containing: (1) "the rates or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other" (2) the regular pay day designated by the employer; (3) the name of the employer; (4) the physical address of the employer's main office or principal place of business; and (5) the telephone number of the employer; plus such other information as the commissioner deems material and necessary. NYLL § 195(1)(a).

Additionally, NYLL requires "[e]very employer" to furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. NYLL § 135(3). The statute goes on to state: "For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement

shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id.*

The plain language of the statute makes clear it applies to both exempt and non-exempt employees. First, the statute expressly requires "every employer" to provide wage-notices and wage-statements. *See* §§ 195(1), (3). It does not distinguish between employers of exempt employees and employers of non-exempt employees. Second, the statute states that wage notices must be given to "employees" who are paid a "commission." *Id.* This Court determined that Plaintiffs were paid a commission. *See* ECF No. 332 at 16. Third, the statute requires that additional information such as the employees' hourly rate and number of hours worked be included in a non-exempt employees' wage statement. If the statute did not apply to all employees (regardless of exemption status), there would be no need for this distinction.

The critical question in determining whether Wallace Morgan must comply with § 195 is not whether Plaintiffs are exempt employees; rather, it is whether Wallace Morgan is an "employer" as that term is defined under New York law. Wallace Morgan contends it is not Plaintiffs' employer because Plaintiffs were properly classified as independent contractors. Plaintiffs dispute this, and allege that they were misclassified. Although the issue was fully briefed, the Court did not determine whether Plaintiffs were misclassified. If Plaintiffs were "employees" and Wallace Morgan was their "employer," it is liable under § 195.

### B.     This Court Should Exercise Supplemental Jurisdiction

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, such jurisdiction is discretionary, and a district court "may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 511 (S.D.N.Y. 2015) (J. Engelmayer) (citing 28 U.S.C. § 1367(c)(3)). In deciding whether to exercise its supplemental jurisdiction, a district court should balance the traditional "values of judicial economy, convenience, fairness, and comity." *Id.* (*citing Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, (1988)).

Here, the factors of judicial economy, convenience, and fairness weigh in favor of exercising supplemental jurisdiction and determining the issue of whether Plaintiffs were misclassified as independent contractors and thus subject to the NYLL's wage-notice provisions. Plaintiffs' status as employees or independent contractors is already fully briefed before this Court. The parties have completed substantial discovery in this matter, and the Court has already studied the extensive factual record and invested significant resources necessary to resolve these claims. Plaintiffs' wage-notice claims are not "wholly distinct" from their federal claims, and this is not a situation where the Plaintiffs' federal claims were dismissed early on in the lawsuit on a motion to dismiss. *See Green v. Dist. Council 1707*, 2014 WL 3734101, at *10 (S.D.N.Y. July 29, 2014), *aff'd in part, vacated in part, remanded*, 600 F. App'x 32 (2d Cir. 2015) (declining to exercise jurisdiction where claim was dismissed on a motion to dismiss); *Vuona v. Merrill Lynch & Co.*, 2013 WL 1971572, at *3 (S.D.N.Y. May 14, 2013) (declining supplemental jurisdiction where court would have needed to determine NYCHRL claims, which

required application of a different standard than the Title VII and NYSHRL claims). For all of these reasons, the Court should use its discretion to exercise supplemental jurisdiction and determine the last of Plaintiffs' claims.

                                                Sincerely,

                                                Brittany B. Skemp
                                                Counsel for Plaintiffs

cc:      All counsel of record (via ECF)