LAW OFFICES
# TREMITI LLC
30 WALL STREET - 8TH FLOOR

NEW YORK, NEW YORK 10005

JOSEPH F. TREMITI  
jtremiti@tremitilaw.com

EMAIL: info@tremitilaw.com

212 859-5059  
FAX 212 943-2300  
www.tremitilaw.com

October 18, 2017

**VIA ECF**
Judge Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      RE:    Martin et al v. United Sprint Management Co., et al
               Case No.: 1:15-cv-05237-PAE

Dear Judge Engelmayer:

      This office serves as local counsel along with Attorneys Lawrence Shapiro and Chad Altieri of Miami, Florida who represent defendant Wallace Morgan, Inc. ("WM" or "Defendant") in the above referenced alleged collective action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

      Pursuant to your Honor's Opinion & Order dated September 27, 2017, ECF 322, summary judgment was granted for WM on all claims against it, save for plaintiffs' wage-notice claims under the NYLL, to which the Court commissioned supplemental briefingon the following questions: (1) Under the NYLL, where the outside sales exemption applies, is an employer nevertheless bound to comply with the statute's wage-notice provisions (§§ 195(1) (a) and (3))? And, (2) if so, how do the parties wish to proceed with respect to these claims? *(e.g.,* do plaintiffs wish to pursue these claims? With the federal claims now eliminated, ought the Court exercise supplemental jurisdiction over thesestate-law claims?).

      A.   <u>*Defendant Wallace Morgan is Not Bound to Comply with the NYLL's Wage-Notice Provisions (§§ 1 95(1) (a) and (3)).*</u>

      As of April 9, 2011, NYLL section 195(1) required employers, both at the time of hiring and annually through December 28, 2014, toprovide wage notices containing various employment and compensation disclosures to employees.*Id. § 195(1) (a); See, e.g., Lu v. Nails By Ann, Inc.,No. 15 CV 8906 (VB) (S.D.N.Y September 5, 2017); Cabrera v. 1560 Chirp Corp., 2017 WL 1289349, at \*6 (S.D.N.Y. Mar. 6, 2017), report and recommendation adopted, 2017 WL 1314123 (S.D.N.Y. Apr. 6, 2017); accord Franco v. Jubilee First Ave. Corp., 2016 WL 4487788, at \*13 (S.D.N.Y. Aug. 25, 2016).* The notice must also state an employee's regularly hourly rate and overtime rate of pay. *NYLL §195(1) (a)*. Subsequent to December 28, 2014,such

notices are now required only at the time of hiring, but must be provided within ten business days of the employee's first day of employment.

This provision permits an employee to bring a private right of action for damages only when the "employee is not provided [the notice] within ten days of his or her first day of employment." *Id.; accord Guan Ming Lin v. Benihana N.Y. Corp., 2012 WL 7620734, at *7 (S.D.N.Y. Oct. 23, 2012)*.Statutory damages for Section 195(1) violations at that time allowed the employees to recover $50 per work week, with a maximum recovery of $2,500. *Id.*Currently, the NYLL entitles plaintiffs to recover statutory damages for violations of the wage-notice requirement of $50 per work day, not to exceed $5,000.*N.Y. Lab. Law §198(1-b)*.

Because this provision did not take effect until April 9, 2011, an employee who began working before that date is not entitled to bring a claim for failure to provide wage statements. *See Franco v. Jubilee First Ave. Corp., 2016 WL 4487788, at 13 (S.D.N.Y. Aug. 25, 2016)*.

Similarly, beginning April 9, 2011, Section 195(3) required employers to provide employees with wage statements containing information about the employer, the employment, and compensation.  Prior toFebruary 27, 2015, the statutory damages for violating Section 195(3) are $100 per work week that a violation occurred, not to exceed $2,500. *See NYLL § 198(1-d) (effective Apr. 9, 2011, to Feb. 26, 2015)*.  Thereafter, the statutory damages are $250 for each work day of the violation, with a maximum recovery of $5,000. *See e.g., Cabrera v. 1560 Chirp Corp., 2017 WL 1289349, at 6*;*N.Y. Lab. Law § 198(1-d)*.

In *Munoz-Gonzalez, et al. v. D.L.C. Limousine Service, Inc., et al., No. 15-CV-9368,\*20 (JPO) (S.D.N.Y.July 12, 2017)*, the Court held that when a defendant falls within a FLSA exemption and that exemption is similar to that provided under the NYLL and NYCRR, summary judgment will be granted dismissing Plaintiff's claim for failure to pay overtime in violation of the FLSA.The Court therein also dismissed Plaintiff's NYLL and NYCRR claims for failure to pay minimum wage, spread of hour pay, and failure to furnish proper wage statements and wage notices, in light of the federal and state law exemptions.

For the same reasons, a similar result should follow here.  Moreover, unlike the typical wage-notice situation where payment was not made and/or records are non-existent, there is no dispute herein that payment was made to all eligible agents. See for example Rule 56.1 "Stipulated Facts", paragraphs 85-87 and representative sample of an Agent's Commission Statement (document produced to Plaintiffs' Counsel as CREDICO_MAR00006658).  Even if there was a dispute, plaintiffs failed to adequately plead in their Amended Complaint not only the requisite statutory language but failed to allege that this failure occurred at the time of hiring, which is required to establish a violation of NYLL §195(1)(a).  Last,  unlike Judge Block's ruling that found that where defendants maintained "inaccurate time records" and paid plaintiffs "according to those inaccurate time records," rather than the hours actually worked, a violation of the WTPA was adequately pled,*Copper v. Cavalry Staffing, LLC, 132 F. Supp. 3d 460,467 (E.D.N.Y. 2015)*, such is not the case here.

B.   *The Court May – and Should – Exercise Supplemental Jurisdiction.*

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." The term "part of the same case or controversy" means that the claims "derive from a common nucleus of operative fact." *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (citation and internal quotation marks omitted).

It is well settled that NYLL and FLSA claims that arise out of the same compensation policies and practices derive from the same common nucleus of operative fact. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011); *accord Yong Kui Chen v. WaiCafé Inc.*, 2017 WL 3311228, at 3 (S.D.N.Y. Aug. 2, 2017) ("In wage and hour cases, typically, supplemental jurisdiction is appropriate for NYLL claims during the employment relationship because those claims arise from the same underlying factual basis as FLSA claims.") (citations, brackets, and internal quotation marks omitted).

If the statutory requirements for supplemental jurisdiction are satisfied, "discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Shahriar*, 659 F.3d at 245 (emphasis in original) (internal quotation marks omitted) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998)).28 U.S.C. § 1367(c) subsection (3) provides that a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." The Second Circuit has ruled that in such a situation, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *[United Mine Workers of America v.] Gibbs, [383 U.S. 715, 726 (1966)]: economy, convenience, fairness, and comity." Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004); *accord Shahriar*, 659 F.3d at 245; *Fixed Income Shares: Series M v. Citibank N.A.*, 130 F. Supp. 3d 842, 852 (S.D.N.Y. 2015). The common articulation of the rule on dismissal of state law claims specifically excludes dismissals that occur after trial. *See, e.g., Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("*In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.*") (emphasis added).

The Second Circuit has upheld the retention of supplemental jurisdiction where far fewer resources had been expended. *See, Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105-06 (2d Cir. 1998) (district court did not abuse its discretion in exercising supplemental jurisdiction after discovery and a settlement conference had taken place).

For the foregoing reasons, the Court should exercise supplemental jurisdiction over plaintiffs' wage-notice claims and those claims, in turn, should be dismissed.

Respectfully Submitted,

/s/ *Joseph F. Tremiti, Esq.*

cc:  Rachhana T. Srey, Esq., Nichols Kaster, LLP.; Fitapelli & Schaffer, LLP.

3