UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
JAMIE MARTIN and DANEISHA                                           :
SINGLETON, on behalf of themselves and all                          :     15 Civ. 5237 (PAE)
others similarly situated, and the Proposed                         :
New York Rule 23 Class,                                             :     OPINION & ORDER
                                                                    :
                          Plaintiffs,                               :
                                                                    :
             -v-                                                    :
                                                                    :
SPRINT UNITED MANAGEMENT CO.,                                       :
CREDICO (USA), LLC, and WALLACE                                     :
MORGAN, INC.,                                                       :
                                                                    :
                          Defendants.                               :
                                                                    :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Jamie Martin and Daneisha Singleton brought this action on behalf of themselves and similarly situated persons, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650, *et. seq.* ("NYLL"). Plaintiffs served as field agents securing low-income customers to acquire wireless telephones of defendant Sprint/United Management Company ("Sprint") pursuant to a federal subsidy program. They claimed primarily that they were misclassified as independent contractors rather than employees and that, as a result, they were denied statutorily required minimum wage and overtime compensation. They sought to hold Sprint and co-defendants Credico (USA), LLC ("Credico") and Wallace Morgan, Inc. ("Wallace Morgan") jointly responsible for this willful misclassification.

On September 27, 2017, this Court issued an opinion and order granting summary judgment in favor of defendants and denying partial summary judgment to plaintiffs. *See Martin*

*v. Sprint United Mgmt. Co.*, 15 Civ. 5237 (PAE), 2017 WL 4326109 (S.D.N.Y. Sept. 27, 2017). Without deciding whether plaintiffs were properly classified as employees or independent contractors, the Court held that (1) Sprint and Credico were not plaintiffs' joint employers, and (2) plaintiffs fell within the outside sales exemptions to the FLSA and NYLL. *See id.* That ruling precluded liability altogether for Sprint and Credico, and precluded liability for Wallace Morgan on all claims against it save two: plaintiffs' wage-notice claims under NYLL sections 195(1)(a) and (3). Because the parties' briefing at summary judgment did not directly address those claims, the Court commissioned letter memoranda from plaintiffs and Wallace Morgan as to (1) whether an employer is bound to comply with the NYLL wage-notice provisions where New York's outside sales exemption applies, and (2), if so, how the Court ought to proceed with respect to these claims. *See Martin*, 2017 WL 4326109, at *34.

The Court is now in receipt of those submissions. For the reasons that follow, the Court declines to exercise supplemental jurisdiction over these pendent state-law claims.

## I. Background

The Court assumes the parties' familiarity with the facts and procedural history of this case, as set forth in the Court's summary judgment opinion. *See Martin*, 2017 WL 4326109, at *2–11. The Court nevertheless briefly recites certain facts relevant to the issue at hand.[1]

Plaintiffs worked as field agents for Wallace Morgan on Sprint's Assurance Wireless campaign. JSF ¶ 52. Martin worked for Wallace Morgan from approximately March 29, 2015

---

[1] The Court draws this account from the parties' submissions in support of and in opposition to the motions for summary judgment, including: plaintiffs' Local Rule 56.1 statement, Dkt. 265 ("Pl. 56.1"); the declaration of Rachhana Srey in support of plaintiffs' motion for partial summary judgment, Dkt. 266 ("First Srey Decl."); Wallace Morgan's Local Rule 56.1 statement, Dkt. 293 ("Wallace Morgan 56.1"); and the parties' joint statement of undisputed facts, Dkt. 259 ("JSF").

through May 7, 2015. *Id.* ¶ 2. Singleton worked for Wallace Morgan from approximately April 3, 2015 through May 7, 2015. *Id.* ¶ 4. Each signed an "Independent Sales Representative Agreement," and each was paid by Wallace Morgan as an independent contractor. *Id.* ¶¶ 49–50, 56.

Upon hire, field agents completed "Agent Acknowledgment Forms" listing their "Outreach Agency," "Agent Name," "Agent Code," "Agent Start Date," and the geographical areas in which they would work. Pl. 56.1 ¶¶ 206, 208. In connection with the Assurance Wireless campaign, Credico used a database system it referred to as "ARC." Wallace Morgan 56.1 ¶ 75. That system generated "Office Payment Summaries" containing each field agent's badge number, name, and commissions, with the latter listing "full pay," "advance," "remain," "recover," and "total" amounts. *Id.* ¶ 83. Further, ARC generated "Agent Commission Statements" for each agent containing the agent's name, the agent's total compensation, the current sales week, and the pay date, as well as entries for the following categories: "Client ID," "Signed Date," "Customer Name," "Client Status/Reason," "Product," "Pay Action," "Amount," and "Total For [Field Agent]." *Id.* ¶¶ 85–87. Wallace Morgan also maintained payroll records, Pl. 56.1 ¶ 83, which included the following information: "Company," "Check Date," "Name," "Hours," "Total Paid," "Tax Withheld," "Deductions," "Net Pay," "Check No," "Employer Liability," "Total Expense," "Pay Frequency," "Department," "Total Net Pays," "Pay Frequency Totals," and "Company Totals." First Srey Decl., Exs. 30, 31.

The parties' statements of undisputed fact otherwise lack information related to whether plaintiffs received wage notices at hiring and/or regular pay statements.

## II.  Applicable Legal Standards

### A.  Supplemental Jurisdiction

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "such jurisdiction is discretionary," *Vuona v. Merrill Lynch & Co.*, 919 F. Supp. 2d 359, 393 (S.D.N.Y. 2013) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)), and "a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sefovic v. Mem'l Sloan Kettering Cancer Ctr.*, No. 15 Civ. 5792 (PAC), 2017 WL 3668845, at *8 (S.D.N.Y. Aug. 23, 2017) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

### B.  NYLL Wage-Notice Provisions

NYLL section 195(1)(a) requires "[e]very employer" to provide his or her employees, "in writing . . . at the time of hiring," a notice containing the following information:

> [T]he rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

4

principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

NYLL § 195(1)(a). The employer must then "obtain from the employee a signed and dated written acknowledgement . . . of receipt of this notice." *Id.* "For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay." *Id.*

NYLL section 195(3) requires every employer to "furnish each employee with a statement with every payment of wages" listing the following:

> [T]he dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

NYLL § 195(3). "For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id.*

NYLL section 198 offers affirmative defenses to employers who fail to provide the notice or statements required under section 195. Section 198(1-b) provides:

> In any action . . . to recover damages for violation of [section 195(1)(a)] it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by [section 195(1)] of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice pursuant to [section 195(1)].

NYLL §§ 198(1-b). Section 198(1-d), meanwhile, provides:

> In any action . . . to recover damages for violation of [section 195(3)] it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or articles nineteen or nineteen-A of this chapter to the employee who was not provided statements as required by [section 195(3)] of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with statements pursuant to [section 195(1)(e)].

NYLL §§ 198(1-d).

### III. Discussion

The parties' recent letter memoranda clarify that whether Wallace Morgan is liable to plaintiffs on their NYLL section 195 claims would entail resolving a sequence of questions. It initially appeared to be common ground, as the Court noted in its summary judgment decision, that section 195 covers only non-exempt employees. *See* 2017 WL 4326109, at *34. Had this been so, the Court's holding that the outside sales exemption applied would have disposed of plaintiffs' section 195 claims. However, in their letter memoranda, the parties dispute this point. Resolution of liability on this question would thus require determining both whether plaintiffs were properly classified as employees or independent contractors (the question reserved in the Court's summary judgment decision), and if the former, whether section 195 applies to exempt employees. Assuming plaintiffs cleared these bars, the Court (or in the event of a dispute of material fact, a jury) would then have to resolve the factual question whether Wallace Morgan actually failed to provide the legally required wage notices and/or statements. To resolve these claims, the Court or jury would, finally, have to determine whether any affirmative defenses applied under section 198. Notwithstanding this potential gauntlet of unresolved questions on state-law claims that the parties have heretofore treated as secondary at best to core (and largely

federal) questions in this case, the parties urge the Court to exercise supplemental jurisdiction and take up plaintiffs' wage-notice claims. The Court declines the invitation.

Plaintiffs have invoked this Court's jurisdiction solely on the bases of federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. *See* Second Am. Compl. ¶ 25, Dkt. 146. With the Court having entered judgment for Wallace Morgan on the plaintiffs' federal claims, the only basis for this Court's jurisdiction over the NYLL wage-notice claims is supplemental jurisdiction. As noted, such jurisdiction is discretionary where, as here, the court has dismissed all federal claims over which it had original jurisdiction. *See Vuona*, 919 F. Supp. 2d at 393. And courts commonly decline to exercise supplemental jurisdiction after awarding defendants summary judgment on plaintiffs' federal claims. *See, e.g., Hsueh v. N.Y.S. Dep't of Fin. Servs.*, 15 Civ. 3401 (PAC), 2017 WL 3671179, at *8 (S.D.N.Y. Aug. 25, 2017) ("Because the Court grants the [defendant's] motion for summary judgment on Hsueh's sole federal-law claim, the Court declines to exercise supplemental jurisdiction over Hsueh's state-law claims."); *Thomas v. Ariel West*, 242 F. Supp. 3d 293, 306 (S.D.N.Y. 2017) (granting summary judgment dismissing plaintiff's federal claims and "declin[ing] to exercise supplemental jurisdiction [over the] Plaintiff's state- and city-law claims relating to those alleged violations"); *Johnson v. City of New York*, 09 Civ. 4685 (PGG), 2011 WL 1044852, at *13 (S.D.N.Y. Mar. 18, 2011) ("Defendants' motion for summary judgment will be granted as to all of Plaintiff's federal claims, and the Court declines to exercise supplemental jurisdiction over the remaining pend[e]nt state law claims."); *236 Cannon Realty, LLC v. Ziss*, No. 02 Civ.6683(WHP), 2005 WL 289752, at *10 (S.D.N.Y. Feb. 8, 2005) ("Having granted summary judgment dismissing all of Cannon's federal claims, this Court declines to exercise supplemental jurisdiction over Cannon's pendant state law claims pursuant to 28 U.S.C. § 1367.").

In deciding whether to exercise supplemental jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013) (quoting *Cohill*, 484 U.S. at 350). In the typical case, however, once all federal claims have been dismissed, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7.

Here, interests of judicial economy, convenience, and comity weigh strongly in favor of declination.

First, though the issue has been briefed, the Court has not had occasion to consider the threshold question raised by the parties: whether plaintiffs are employees or independent contractors under New York law. Retaining jurisdiction in order to decide an as-yet unresolved question involving the application of a multi-factor New York law standard to the facts here would not promote judicial economy. *See Dudley v. N.Y.C. Hous. Auth.*, 14 Civ. 5116 (PGG), 2017 WL 4315010, at *23 (S.D.N.Y. Sept. 25, 2017) (exercising supplemental jurisdiction over state- and city-law claims where the federal analysis dictated state-law results, but declining to review issues that "require[d] separate consideration"). Nor would it implicate federal policy concerns: The employee-versus-independent-contractor question under state law is technically distinct from the related analysis under federal law. *See Thomas v. TXX Servs., Inc.*, 663 F. App'x 86, 89 (2d Cir. 2016) (citing different standards); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). And, because discovery is complete and the parties have already briefed that state-law question, the parties are equipped to present that question to a state court expeditiously. *See Vuona*, 919 F. Supp. 2d at 394 ("The extensive discovery already taken is likely sufficient to enable Plaintiffs' NYCHRL claims to be evaluated in state court without any

additional discovery."); *Murray v. Visiting Nurse Servs.*, 528 F. Supp. 2d 257, 280–81 (S.D.N.Y. 2006) ("While discovery has been completed and the instant case has proceeded to the summary judgment stage, it does not appear that any discovery would need to be repeated if plaintiff's pendent claims were brought in state court.").

Second, even if this Court were to determine that plaintiffs were employees and that sections 195(1)(a) and (3) apply to exempt employees, that would not resolve this dispute. Rather, determinations would need to be made, based on the factual record, whether Wallace Morgan complied with the requirements of section 195, and/or whether any affirmative defenses under section 198 applied. Even assuming that discovery—which appears to have focused instead on the core issues in this case as briefed in the parties' summary judgment motions—was taken on these questions relating to wage notices and statements, no party has briefed whether the facts support or dictate liability on those claims. Exercise of supplemental jurisdiction would thus appear to require additional summary judgment briefing on these fact-dependent questions, and, in the event of material disputes of fact on such questions as whether Wallace Morgan "reasonably believed in good faith that it was not required to provide [plaintiffs] with notice," *see* NYLL §§ 198(1-b), trial on them. The federal courts have no special interest in resolving such fact-laden disputes involving the application of state law. And there is no reason to regard a federal court as a uniquely convenient forum in which to resolve these questions.

Finally, there appears to be a dearth of federal and New York State authority on the section 198 affirmative defenses. The parties have not drawn to the Court's attention any appellate decisions on these standards. This, too, disfavors exercise of supplemental jurisdiction. "[O]ur circuit takes a very strong position that state issues should be decided by state courts." *Cohen v. Postal Holdings, LLC*, No. 16-2657, 2017 WL 4527081, at *9 (2d Cir. Oct. 11, 2017)

9

(Calabresi, *J.*, concurring). Without significant state-court guidance, and absent mandatory federal jurisdiction, comity is best served by allowing a state court to address these matters of state law in the first instance.

## CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over plaintiffs' NYLL wage-notice claims. These claims are therefore dismissed without prejudice. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 31, 2017
New York, New York